Joseph Dux v. Marion D. Rumsey et al.
White City Electric Company, Appellant, v. Marion
D. Rumsey et al., Appellees.

Gen. No. 5,927.

MECHANIC'S LIENS, § 136*—*consideration for agreement waiving right to lien.* Where a provision in a subcontract waives the subcontractor's right to lien "for the consideration hereinafter named" and is followed by a provision that the contractor shall pay to the subcontractor a certain sum for the work done and that the latter shall indemnify the former against liability for any liens or claims arising from its default in the work, *held* that the consideration for the agreement was the promise of the contractor to pay the subcontractor, whether the promise was fulfilled or not, and could not be construed to be that the subcontractor should be paid in full, so that in case it was not so paid the consideration for the agreement failed.

WHITNEY, J., took no part in this decision.

Appeal from the Circuit Court of Lake county; the Hon. CHARLES WHITNEY, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed October 13, 1914.

SILBER, ISAACS, SILBER & WOLEY, for appellant; JAMES D. WOLEY, of counsel.

SHERIFF, DENT, DOBYNS & FREEMAN and SAM S. HOLMES, for appellees.

MR. JUSTICE DIBELL delivered the opinion of the court.

Marion D. Rumsey, owner of certain real estate in Lake county, by her husband, Henry A. Rumsey, entered into a written contract with the Warren Construction Company for the erection of a dwelling house and other improvements on said premises. The Warren Construction Company made a subcontract with the White City Electric Company to do certain elec-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

trical work, required by said original contract, for a certain consideration therein named. Afterwards, the Warren Construction Company became bankrupt and failed to complete its contract. Afterwards, Joseph Dux, a subcontractor upon said work, filed a bill in the Circuit Court for a mechanic's lien, making all parties in interest defendants. Thereafter the White City Electric Company filed an amended answer in the nature of a cross-petition for a mechanic's lien upon said premises for $1,094.91. The court sustained a demurrer by Marion D. and Henry A. Rumsey to said answer. The White City Electric Company elected to abide by its said answer and cross-petition and the same was dismissed for want of equity, and it prosecuted this appeal from said decree.

The original contract contained the following provision:

"The party of the second part, before any payment is made or shall be considered to be due to him under this contract, shall satisfy the party of the first part, by receipts or written waivers of liens by sub-contractors and material men, that the said building is free and unincumbered of and from any and all claims and liens of mechanics, laborers or material men and shall produce and give to the parties of the first part such reasonable and proper protection as may be required, against all future liens and claims of like nature."

The subcontract between the White City Electric Company and the Warren Construction Company contained the following provision:

"Eighth: The sub-contractor hereby, for the consideration hereinafter named, waives and releases all lien or right of lien now existing or that may hereafter arise for work or labor performed or material furnished under this contract under any lien laws upon said building, the land upon which the same is situated and upon any money or moneys due or to become due from any person or persons to said contractor, and agrees to furnish a good and sufficient waiver of lien

on said premises from every person or persons and corporation furnishing labor or material for said premises under the sub-contractor.''

The tenth paragraph of said contract provided that the contractor should pay to said subcontractor $1,600 for the work to be done under said subcontract. It also contained the following provision:

''If at any time there shall be evidence of any lien or claim for which, if established, the contractor or the said premises might become liable, and which is chargeable to the subcontractor, the contractor shall have the right to retain out of any payment then due or thereafter to become due an amount sufficient to completely indemnify the contractor against such lien or claim. Should there prove to be any such claim after all payments are made, the sub-contractor shall refund to the contractor all moneys that the latter may be compelled to pay in discharging any lien on said premises made obligatory in consequence of the sub-contractor's default.''

It is the contention of the owner that by the provisions of said eighth section of the subcontract all right of the subcontractor to a lien upon the premises is waived, and that the words, ''the consideration hereinafter named,'' in said section 8 means that the consideration for said eighth clause is the promise by the contractor to pay $1,600 to the subcontractor. It is the contention of the subcontractor that under the provisions above quoted from the tenth section of the contract, the consideration for waiving the lien is that the subcontractor shall be paid in full, and that, as the subcontractor was not paid, the consideration for the waiver of the lien has failed, and the subcontractor is entitled to a lien, notwithstanding the eighth clause.

When parties insert into a carefully prepared contract between them provisions like section 8 of this subcontract, a reasonable interpretation of the contract requires the courts to presume that some purpose was intended to be accomplished by such provision. If the construction contended for by the subcontractor

here is sustained, it makes the subcontract mean that the subcontractor waives his lien in case he is paid in full. The law gives him no lien if he is paid in full. Therefore the proposed construction deprives section 8 of said contract of all meaning and leaves the contract as it would be if that section had never been written into it. We are of opinion that the intention of the parties in inserting the eighth section was to absolutely waive any lien in behalf of the subcontractor. In causing the eighth section to be inserted the contractor was arranging for the written waiver of lien provided for in the clause above quoted from the original contract. We conclude that the consideration referred to in said eighth paragraph was not payment in full to the subcontractor, but the promise of the contractor to pay the subcontractor, and that the waiver is effective whether that promise was fulfilled or not. By no other construction of the subcontract can the eighth section thereof be given any force and meaning whatever.

The decree is therefore affirmed.

*Affirmed.*

Mr. Justice Whitney took no part in this decision.