A. W. KELLY *et al.* Appellees, *vs.* J. W. JOHNSON *et al.*—
  (L. G. HALLBERG *et al.* Appellants.)

*Opinion filed June 20, 1911—Rehearing denied October 11, 1911.*

1. MECHANICS' LIENS—*a sub-contractor's lien can exist only by virtue of original contract.* The lien of a sub-contractor can exist only by virtue of the original contract, and if the original contract provides that there shall be no liens upon the improved property for labor or materials the sub-contractor is not entitled to any lien.

2. SAME—*a sub-contractor's lien not divested by a subsequent waiver by original contractor.* Where rights of third parties have not intervened the parties to a contract have the same right to modify it as to make it, and if the original contractor executes, for valuable consideration, a waiver of all liens after the original contract is made, sub-contractors making their contracts subsequent to the waiver are not entitled to liens; but those whose contracts were made before the waiver cannot thereby be deprived of any right to a lien theretofore acquired.

3. CONSTITUTIONAL LAW—*right to contract is property right—how far subject to regulation.* The right to contract is a property right, and while such right may be regulated by the exercise of the police power where the public health, safety, morals or welfare is involved, it cannot be otherwise restrained or abridged.

4. SAME—*section 21 of Mechanic's Lien act, concerning sub-contractors, is invalid.* Section 21 of the Mechanic's Lien act of 1903, in so far as it attempts to give a sub-contractor a lien when the original contract waives all liens or all liens have been thereafter released by the original contractor, is unconstitutional, as depriving the owner of property without due process of law.

APPEAL from the Superior Court of Cook county; the Hon. M. M. GRIDLEY, Judge, presiding.

FYFFE & ADCOCK, (EDMUND D. ADCOCK, and IRA RYNER, of counsel,) for appellants.

ADAMS, BOBB & ADAMS, (JAMES B. WESTCOTT, of counsel,) for appellees A. W. Kelly *et al.*

FELSENTHAL & BECKWITH, for appellee the Labahn Brick Company.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a bill in chancery filed on the 8th day of September, 1906, in the superior court of Cook county, by A. W. Kelly, doing business as A. W. Kelly & Co., a sub-contractor, against J. W. Johnson, doing business as J. W. Johnson & Co., the original contractor, and L. G. Hallberg and Stewart Hodges, the owners, and Francis E. Broomell, trustee of certain premises located in the city of Chicago, to establish a mechanic's lien under the statute for certain materials furnished in the construction of the masonry work in a brick building in course of construction on the said premises, which masonry work was being constructed by J. W. Johnson for the owners in pursuance of a contract between J. W. Johnson and the owners bearing date March 5, 1906, to which bill other material-men who had furnished material to J. W. Johnson for use in said building were made parties defendant. Answers and replications were filed and the case was referred to a master. The master took the proofs and reported that A. W. Kelly & Co., in pursuance of a contract with J. W. Johnson made April 15, 1906, was entitled to a sub-contractor's lien for $793.50; that the Waukesha Lime and Stone Company, in pursuance of a contract with J. W. Johnson made April 30, 1906, was entitled to a sub-contractor's lien for $331; that the M. A. Staley Company, in pursuance of a contract with J. W. Johnson made August 2, 1906, was entitled to a sub-contractor's lien for $69.88; that the Juhl Automatic Hoisting Machine Company, in pursuance of a contract with J. W. Johnson made June 4, 1906, was entitled to a sub-contractor's lien for $295; and that the Labahn Brick Company, in pursuance of a contract with J. W. Johnson made April 27, 1906, was entitled to a sub-contractor's lien for $455. The court entered a decree establishing such liens, from which decree L. G. Hallberg, Stewart Hodges and Francis E. Broomell, trustee, have

prosecuted an appeal to this court on the ground that section 21 of the Mechanic's Lien statute of 1903 is unconstitutional and void.

Section 21 of the statute, in part, reads as follows: "Every mechanic, workman or other person who shall furnish any materials, apparatus, machinery or fixtures, or furnish or perform services or labor for the contractor shall be known under this act as a sub-contractor, and shall have a lien for the value thereof, with interest on such amount from the date the same is due, from the same time, on the same property as provided for the contractor, and, also, as against the creditors and assignees, and personal and legal representatives of the contractor, on the material, fixtures, apparatus or machinery furnished, and on the moneys or other considerations due or to become due from the owner under the original contract, whether or not the original contractor could have obtained a lien or was by contract or conduct divested or deprived of a right to obtain a lien."

It appears from the evidence that the original contract of March 5, 1906, between J. W. Johnson and the owners of the said premises, provided that Johnson should receive $13,801 for the material and labor to be furnished and performed by him in doing the masonry work upon the said building, to which was added $975 for extras, which amounts aggregated the sum of $14,776 as the contract price of the masonry work on said building. It also appears that J. W. Johnson commenced work on said premises and received from the owners in payment for material and work $10,300; that when the masonry work was about four-fifths done J. W. Johnson failed, and the owners were obliged to take over the contract and complete the building at an actual cost to them of $15,353.33; that at the time the original contract was made there was no waiver of lien in the contract; that the first payment in the contract was the sum of $5000, which was made on the 15th day of May, 1906, at which time the original contract was modi-

fied by the parties by J. W. Johnson executing and delivering to the owners a waiver of lien in the original contract for all materials theretofore furnished or to be furnished thereafter on account of said building, which waiver was in the following form:

"*To all whom it may concern:*

"Whereas, I, the undersigned, have been employed by Stewart Hodges and L. G. Hallberg to furnish masonry work, including labor and material, for the building known as [describing property.]

"Now, therefore, know ye that I, the undersigned, for and in consideration of $5000 and other good and valuable considerations, the receipt whereof is hereby acknowledged, do hereby waive and release any and all lien or claim, or right of lien, on said above described building and premises under "An act to revise the law in relation to mechanics' liens," approved May 18, 1903, and in force July 1, 1903, on account of labor or materials, or both, furnished, or which may be furnished, by the undersigned to or on account of the said ............ for said building or premises.

"Given under my hand and seal this 15th day of May, 1906.

J. W. JOHNSON & Co., (Seal.)
By J. W. Johnson. (Seal.)"

The contracts with all the sub-contractors who were allowed liens, with the exception of A. W. Kelly & Co. for $793.50, whose contract for materials bore date of April 15, 1906, the Waukesha Lime and Stone Company for $331, whose contract bore date of April 30, 1906, and that of the Labahn Brick Company for $455, whose contract for material bore date of April 27, 1906, were made subsequent to the date of said waiver of lien by J. W. Johnson.

The lien of a sub-contractor can only exist by virtue of the original contract, and in case the original contract provides there shall be no lien on the improved property for material and labor furnished by the original contractor, such contract is binding upon a sub-contractor, and a sub-contractor, when a lien has been waived in the original contract, has no lien for material or labor. (*Williams* v. *Rittenhouse & Embree Co.* 198 Ill. 602; *VonPlaten* v. *Winterbotham,* 203 id. 198.) We think as to all contracts for material or labor made subsequent to May 15, 1906,—

the date of the waiver of all liens for material and labor, executed by J. W. Johnson to Hodges and Hallberg,—no sub-contractors' liens can exist. Clearly, if a lien can be waived in the original contract it can be subsequently waived, for a valuable consideration, as between the original parties. The right to modify a contract as between the original parties, so long as there are no intervening rights, involves the exercise of the same power as does the execution of the original contract. The section of the statute heretofore referred to, we think, in so far as it attempts to give a sub-contractor a lien when the original contract waives all liens or all liens have been thereafter released by the contractor, is clearly unconstitutional, as its enforcement against an owner, where the original contractor has waived all liens, or all liens have been released subsequent to the date of the contract, would be to deprive the owner of his property without due process of law, as it would prevent the owner from making such contract with reference to his property as he might see fit.

The right to contract is clearly a property right, and if the legislature should pass a statute which would provide that the owner of land should be powerless to make a contract for the erection of a building thereon which should be relieved from all liens for the material and labor which the original contractor should put into the building in its erection, the effect of such act would be to deprive the owner of the right to contract with reference to the erection of such building upon such terms as he might deem to be for his best interests,—that is, of the right to make a contract for the erection of a building whereby a contractor would agree to look solely to the individual responsibility of the owner for his pay, which would be, in part, to deprive the owner of full dominion over his property. (*Ritchie* v. *People,* 155 Ill. 98; *Gillespie* v. *People,* 188 id. 176; *Bailey* v. *People,* 190 id. 28; *Mathews* v. *People,* 202 id. 389.) It is true, in some instances the right to contract may be re-

strained; but that is in cases where the morals, comfort, health or welfare of the public is involved, and such cases fall within the police power of the State, which power is not here involved. Permitting the owner of real estate to retain the right to contract with reference to his property when making improvements thereon does no injustice to the sub-contractor, as such contractor can fully protect himself from loss by informing himself of the terms of the contract which exists between the original contractor and the owner of the property to be improved before he contracts with the original contractor, and if the terms of the contract are not satisfactory to the sub-contractor, he may refuse to contract with the original contractor to furnish material or to perform labor in the improvement of the property.

The authorities are not in entire harmony as to the constitutionality of statutes of this character, but we think, on principle, the adjudicated cases which uphold the right of the owner of real estate to freely contract for its improvement are sound, and that this court is committed to that view of the law. While in *VonPlaten* v. *Winterbotham, supra,* the precise question here involved was not considered by the court, this court clearly expressed its doubt as to the constitutionality of a statute similar to section 21 if it were construed as that section of the statute was construed by the trial court, which would encumber real estate with the liens of sub-contractors when the original contract provided no lien should exist. On page 204 it was said: "It is not to be presumed that the legislature intended to restrict or abridge the right of contract which the owner has, and to give a lien to a sub-contractor where the terms of the only contract to which the owner is a party are such that no lien can arise or in spite of an agreement that there shall be no lien. Under such construction a contractor whose contract with the owner does not create or authorize a lien could establish against the property liens to the whole

amount of the contract by simply sub-letting all the work. If a statute would be constitutional which would give a lien to a sub-contractor where the owner has not assented to any contract which would create a lien, the act should not be construed in that way if it can be avoided."

In *Spry Lumber Co.* v. *Trust Co.* 77 Mich. 199, the Supreme Court of Michigan, in considering a statute similar to section 21 of the Mechanic's Lien statute of 1903, used the following language: "This statute is made for the express, and, so far as differing from former laws, for the only, purpose of enabling strangers to the title to subject it to sale for obligations to which the owner never became bound and in which he has no part whatever. It strikes at the foundations of all property in land. There is no constitutional way for divesting a man's title except by his own act or default. Here his own act is not required and his freedom from default is no defense. He may pay in full, in advance, or otherwise, for all he has contracted for. He may contract for a house built in a certain way and of certain materials, and may have to pay for what he never bargained for and what his building contractor had no right to put off upon him. The original contract plays no part in the matter, except as a fact which binds no one and has no significance. Such a gross perversion of all the essential rights of property is so plain that no explanation can make it plainer, and as this purpose forms the only apparent reason for repealing the old law and passing the new one, the present statute, and all its parts, must fall together, leaving the law of the State where it was before the law of 1887 was passed."

In *Taylor* v. *Murphy,* 148 Pa. St. 337, the Supreme Court of Pennsylvania, in considering a similar statute, on page 340 of the opinion, used the following language: "The contract between the owner and the contractor is the source from which the right of the sub-contractor is de-

rived under the provisions of the law, and it is self-evident that a stream cannot rise higher than its source. The agreement of the builder to provide all the labor and materials for the erection of the building and look for his security solely to the personal responsibility of the owner, leaving the building unencumbered by liens, is a valid and binding one. It violates no rule of public policy. A statute that should disregard its obligations and authorize the entry of a lien for work or materials in violation of its terms would seem to be within the prohibition of the constitution."

In the case of *Palmer* v. *Tingle,* 55 Ohio St. 422, it was held that the statute there in question, in so far as it undertook to give a lien on the owner's property for labor, machinery, materials or tile not supplied under any agreement with him or with his agent and not at the instance of either, is unconstitutional. In a lengthy opinion the court says, in part (p. 443): "To enable the contractor, by force of this statute, to enlarge the price to be paid by allowing liens to be taken on the property for labor and materials, would be as unjust as to authorize the owner, by statute, to enlarge the building without a corresponding increase in payment." See, also, *Seaman* v. *Biemann,* 108 Wis. 365, and *Epenter* v. *Montgomery,* 98 Iowa, 159.

We are of the opinion that A. W. Kelly & Co., the Waukesha Lime and Stone Company and the Labahn Brick Company, which firms had contracted to furnish material prior to May 15, 1906, (the date of the waiver,) were entitled to liens, as their contracts were made with the original contractor prior to the date of waiver, and by no act of the owner or the original contractor could the liens of those claimants which had attached prior to the execution of the waiver be affected. As to the claims of those firms which contracted to furnish material subsequent to May 15, 1906, viz., the M. A. Staley Company and the Juhl

Automatic Hoisting Machine Company, we are of the opinion they were not entitled to establish liens against the property of the appellants.

The decree will therefore be affirmed as to A. W. Kelly & Co., the Waukesha Lime and Stone Company and the Labahn Brick Company and reversed as to the M. A. Staley Company and the Juhl Automatic Machine Company. The appellants will pay all costs as to A. W. Kelly & Co., the Waukesha Lime and Stone Company and the Labahn Brick Company, and the M. A. Staley Company and the Juhl Automatic Hoisting Machine Company will each pay its own costs.

*Affirmed in part and reversed in part and remanded.*