THE CAMERON-SCHROTH-CAMERON COMPANY, Plaintiff in Error, *vs.* JOHN J. GESEKE *et al.*—(THE CHICAGO TELEPHONE COMPANY, Defendant in Error.)

*Opinion filed October 25, 1911.*

1. MECHANICS' LIENS—*sub-contractor is bound by contractor's waiver of all liens.* A sub-contractor's lien for labor or material exists only by virtue of the original contract, and if the original contractor agrees to deliver the building to the owner free from all liens the sub-contractor is bound by such contract and is not entitled to a lien.

2. CONSTITUTIONAL LAW—*section 21 of Mechanic's Lien law is invalid.* Section 21 of the Mechanic's Lien law of 1903, in so far as it attempts to give a sub-contractor a lien which shall not be dependent upon the original contract and which shall exist even though the original contract provides that all liens shall be waived or released, is unconstitutional. (*Kelly* v. *Johnson, ante,* p. 135, followed.)

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. GEORGE B. WATKINS, Judge, presiding.

The Cameron-Schroth-Cameron Company, plaintiff in error, brought its action in the municipal court of Chicago against the Chicago Telephone Company, defendant in error, and John J. Geseke and Malcom Doud, co-partners, doing business as Geseke & Doud, to recover as a sub-contractor under Geseke & Doud for materials furnished them, as original contractors, in the construction of a building for defendant in error and for a lien upon the premises of defendant in error. The cause was heard by the court and judgment entered against Geseke & Doud for the full amount of the contract price, but plaintiff in error was denied a judgment against defendant in error and a mechanic's lien upon its property. Under the issues joined, the question of the validity of section 21 of the Mechanic's Lien act of 1903 was raised, and a writ of error has been sued out of this court to bring up the record of the municipal court for review.

Geseke & Doud entered into a written contract with defendant in error to erect a building for it upon certain real estate in the city of Chicago, and by that contract provided that "the completed work called for by this contract, when offered to the owner for acceptance, shall be delivered free from any and all liens, claims or encumbrances, of any description whatsoever."

That part of said section 21 of the Mechanic's Lien act of 1903 which is involved is as follows: "Every mechanic, workman or other person who shall furnish any materials, apparatus, machinery or fixtures, or furnish or perform services or labor for the contractor shall be known under this act as a sub-contractor, and shall have a lien for the value thereof, with interest on such amount from the date the same is due, from the same time, on the same property as provided for the contractor, and, also, as against the creditors and assignees, and personal and legal representatives of the contractor, on the material, fixtures, apparatus or machinery furnished, and on the moneys or other considerations due or to become due from the owner under the original contract, whether or not the original contractor could have obtained a lien or was by contract or conduct divested or deprived of a right to obtain a lien. In no case, except as hereinafter provided, shall the owner be compelled to pay a greater sum for or on account of the completion of such house, building or other improvements than the price or sum stipulated in said original contract or agreement, unless payment be made to the contractor or to his order, in violation of the rights and interests of the persons intended to be benefited by this act."

It is contended on the part of the plaintiff in error that by the language of this section a sub-contractor is given a lien notwithstanding the original contractor may by his contract with the owner expressly provide, as was done in this case, that the completed work, when offered to the owner for acceptance, should be delivered free from any and all

liens, either of the contractor or sub-contractor, and that the statute, so construed, is a valid enactment. The defendant in error, on the other hand, contends that this section, properly construed, does not apply to a case where such a contract has been entered into, and that if it be so construed to apply to such a case it is unconstitutional and void.

JOSEPH E. PADEN, and OSCAR A. KROPF, for plaintiff in error.

HOLT, WHEELER & SIDLEY, for defendant in error.

Per CURIAM: The constitutionality of section 21 of the Mechanic's Lien law of 1903, as applied to a sub-contractor, where the original contract waives the lien created by the statute or the lien has been released by the original contractor before the lien of the sub-contractor has attached, was fully considered in the case of *Kelly* v. *Johnson,* (*ante,* p. 135,) and it was there held that a sub-contractor's lien can only exist by virtue of the original contract, and in case the original contract provides there shall be no lien on the improved property for material or labor furnished by the original contractor, or the lien has been subsequently released by the original contractor before a sub-contractor's lien has attached, such contract or release was binding upon a sub-contractor who had furnished labor or material to the original contractor, and that as said section of the statute was framed with the view to give a sub-contractor a lien which should not be dependent upon the original contract, it was to that extent unconstitutional and void. That case is conclusive of the case at bar.

The judgment of the municipal court will therefore be affirmed.

*Judgment affirmed.*