## Medard Dupuis et al., Appellants v. William F. Snook et al., Appellees.

### Gen. No. 5,855.

1. MECHANICS' LIENS, § 62*—*when original contract deprives subcontractor of lien.* Where, by reason of the presence or absence of language in the original contract the original contractor is not entitled to a lien, the subcontractors can have no lien, and a provision in the original contract that the building shall be delivered free of liens deprives both original and subcontractors of liens.

2. MECHANICS' LIENS, § 62*—*original contract construed as to right to liens.* A provision in an original contract that "the remainder twenty per cent. to be paid when the building is completed, and accepted and delivered free from all liens," construed to mean that the contractor is to deliver the building free from liens and not to mean that liens on the premises were permitted and that the twenty per cent. was reserved to protect the owner against liens.

3. MECHANICS' LIENS, § 213*—*when party obtaining lien may be required to pay part of costs.* On bill by subcontractors for a mechanic's lien, certain subcontractors obtaining a lien for less than the amount of their claim for lien, *held* properly adjudged to pay part of the costs.

4. MECHANICS' LIENS, § 212*—*when determination of questions on appeal may be obviated.* On appeal from a decree allowing certain subcontractors a lien, the subcontractors complained that the court erred in failing to provide for a sale of the premises to pay the lien, and in decreeing that their lien was subject to a mortgage, and the owner entered a motion to transfer the cause to the Supreme Court on the ground that a constitutional question was involved, *held* that if the owner would pay the lien with interest there would be no occasion to pass upon the question of priority between the lien and the mortgage and no occasion to determine any constitutional question, and the opinion of the Appellate Court was directed to be lodged with the clerk and the owner notified thereof.

Appeal from the Circuit Court of Carroll county; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed April 15, 1914.

BREARTON & WALTER, for appellants M. Dupuis & Sons.

RALPH E. EATON, for appellants Rhodes Brothers.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

CHARLES E. STUART, for appellant Squires Hardware Company.

F. J. STRANSKY, for appellee George Humphrey.

MR. JUSTICE DIBELL delivered the opinion of the court.

On April 1, 1912, William F. Snook, a builder, and George R. Humphrey, the owner of real estate in the city of Savanna in Carroll county, entered into an agreement by which Snook was to erect a dwelling on said real estate for Humphrey for $2,734. After the building was in the main erected and Humphrey had paid Snook $2,500 thereon, Snook abandoned the work and Humphrey completed it and expended in all at least $250 more than the contract price. A firm of material men, subcontractors under Snook, filed a petition for a mechanic's lien on said property for a balance due to them from Snook for material furnished to said building. Other subcontractors under Snook filed answers and cross-petitions. The Savanna State Bank filed an intervening petition, in which it set up a mortgage by Humphrey to it, executed on April 13, 1912, upon said premises, securing a certain indebtedness. Humphrey answered the original petition and the cross-petitions and the intervening petition. There was a hearing. The court denied all liens, except that it gave Rhodes Brothers, subcontractors, a lien for a small sum for material they furnished after Snook abandoned the work, and this was made subject to the mortgage of the bank. The decree did not direct a sale of the premises to pay Rhodes Brothers, nor any method for the enforcement of their lien. It found the costs to be $42.30, and apportioned the same and required Rhodes Brothers to pay $7.40 and Humphrey $7.40. The subcontractors all appeal and insist that they were entitled to liens for the full

amounts claimed by them. Rhodes Brothers also insist that it was error to assess costs against them and to fail to provide for a sale of the premises to pay their lien and to make their lien subject to the bank's mortgage. Humphrey entered a motion to transfer this cause to the Supreme Court on the ground that constitutional questions were involved and that motion was taken with the case.

The liens were denied on the ground that under the contract between Snook and Humphrey no lien can be had. In *Von Platen v. Winterbotham,* 203 Ill. 198, it was held that if the original contract was not sufficient to create a mechanic's lien under the statute no subcontractor could have a lien. In *Brown Const. Co. v. Central Illinois Const. Co.,* 234 Ill. 397, where the contract provided that the completed work, when offered for acceptance, should be delivered free of all liens, it was held that this amounted to an agreement that there should be no lien and therefore the subcontractor had no lien. In *Kelly v. Johnson,* 251 Ill. 135, it was held that if the original contract provides that there shall be no lien, then a subcontractor can have none. In that case, the original contract was made on March 5, 1906. On March 15, 1906, the original contractor executed a waiver of all liens. It was held that those who had made subcontracts before the waiver were entitled to liens, but that those who made their subcontracts after the waiver had no liens. In *Cameron Co. v. Geseke,* 251 Ill. 402, the contract provided that the completed work, when offered to the owner for acceptance, should be delivered free of all liens. A decree denying a subcontractor a lien was affirmed. In *Rittenhouse & Embree Co. v. Brown & Co.,* 254 Ill. 549, the original contract provided that the contractor should deliver the building to the owner free of liens. The trial court denied a lien to a subcontractor. The decree was affirmed. In *Elgin, J. & E. Ry. Co. v.*

*Northwestern Nat. Bank,* 165 Ill. App. 35, the original contractor, by his contract, agreed to turn over the completed work free of all liens. This court held that no subcontractor could have a lien. It must therefore be considered the settled law of this State that if, by reason of the presence or absence of language in the original contract, the original contractor is not entitled to a lien, then the subcontractor can have no lien, and that a provision in the original contract that the building shall be delivered free of liens deprives both original and subcontractors of liens.

In the case at bar, the contract between Snook and Humphrey contained these provisions:

"The payments to be made as the work progresses in amounts equivalent to 80 per cent. of the work done and material in place. Payments to be made once every thirty days as work progresses. The remainder 20 per cent. to be paid when the building is completed, and accepted and delivered free from all liens or other incumbrances."

It is contended by appellants that the fact that twenty per cent. was reserved and was to be paid when the building was delivered, free of all liens, should be construed to mean that liens upon the premises were permitted and that the twenty per cent. was reserved for the purpose of protecting the owner against such liens. We have before us the abstract in *Cameron Co. v. Geseke, supra,* and find therefrom that the contract there involved provided that payments were to be made monthly to the amount of eighty-five per cent. of the value of the labor and material put into the building during the preceding month, and the balance within ten days after completion and acceptance. It also contained these words:

"The completed work called for by this contract, when offered to the owner for acceptance, shall be delivered free from any and all liens, claims or encumbrances of any description whatsoever."

It could, with just as much force, have been argued that that contract should be construed to mean that

liens were authorized and fifteen per cent. was held back to protect the owner against such liens. We have before us the abstract in *Elgin, J. & E. Ry. Co. v. Northwestern Nat. Bank, supra.* The Elgin, J. & E. Ry. Co. was the owner and the Crouch Construction Co. the original contractor. The owner in that contract agreed to pay the construction company eighty-five per cent. on the first day of each month and reserved the remaining fifteen per cent. until the work was done; and the construction company agreed to complete the work free of all liens, and also to save the owner harmless from any and all liens. Under the arguments appellants make here, this language should have been construed to mean that liens were authorized and fifteen per cent. was reserved to protect the owner against the liens. In each of the above cases that construction was not adopted, but it was held that because it was agreed that the work was to be delivered free of liens, the subcontractors could have no liens. In our opinion, the language above quoted from the contract now before us plainly means that the contractor is to deliver the building to the owner free of all liens, and it is expressly held in *Brown Const. Co. v. Central Illinois Const. Co., supra,* that under such a provision a subcontractor can have no lien. We approve the action of the court below in denying the liens.

Rhodes Brothers argue that the court erred in directing them to pay $7.40 of the costs, because, as they say, they were not defeated. They claim a lien for $523.24, and only obtained a lien for $47.85. They were therefore defeated and were properly adjudged to pay part of the costs. Moreover, their petition asked that the costs be equitably apportioned among the parties.

Rhodes Brothers complain that there was no order of sale to make their lien of $47.85. Humphrey replies that this was omitted because it was known that he was ready to pay the amount so awarded for the material furnished after Snook abandoned the work; and,

to avoid a reversal because of the lack of an order of sale and because the decree made the sum due Rhodes Brothers subject to the lien of the mortgage to the bank, he offers to pay into court here said sum found due Rhodes Brothers and interest thereon. His offer is defective in this: He treats the decree as having established a lien in favor of Rhodes Brothers for $43.50, and that is the sum he offers to pay with interest, instead of $47.85, the actual decree. This opinion will be lodged with the clerk and the solicitor for Humphrey notified thereof, and if he pays into this court within seven days $50.50, for the benefit of Rhodes Brothers, being the amount of said decree and interest, and files the receipt of the Circuit clerk, showing that he has paid to that officer the $7.40 costs ordered taxed against Humphrey, we shall then have no occasion to pass upon the question of priority as between Rhodes Brothers and the mortgage, and shall have no occasion to determine any constitutional question, because no such question has been decided against Humphrey, except that involved in the allowance of a small sum to Rhodes Brothers, which he concedes to be correct by offering to pay the same; and in that case, the motion to transfer the cause will be denied and the decree affirmed.

The solicitor for Humphrey having complied with the foregoing requirements, after notice by the clerk, the motion to transfer the cause is denied, and the decree is affirmed.

*Affirmed.*