THE RITTENHOUSE & EMBREE COMPANY, Appellant, *vs.*
THE WILLIAM WRIGLEY, JR., COMPANY, Appellee.

*Opinion filed June 16, 1914.*

MECHANICS' LIENS—*section 21 of the Mechanic's Lien act of
1903 is unconstitutional.* Section 21 of the Mechanic's Lien law
of 1903, in so far as it attempts to give a sub-contractor a lien
notwithstanding the original contract waives all liens, is unconsti-
tutional. (*Kelly* v. *Johnson,* 251 Ill. 135, and *Cameron-Schroth-
Cameron Co.* v. *Gescke,* id. 402, adhered to.)

APPEAL from the Circuit Court of Cook county; the
Hon. JOHN P. McGOORTY, Judge, presiding.

ADAMS, CREWS, BOBB & WESCOTT, for appellant.

SONNENSCHEIN, BERKSON & FISHELL, for appellee.

Per CURIAM: Appellant filed a bill to enforce a lien
against property of the appellee, the William Wrigley, Jr.,
Company, for $9766.65, for materials sold and delivered to
the Falkenau Construction Company and by said company
used in the construction of a building it had contracted
with appellee, the Wrigley Company, to furnish the mate-
rials for and build on appellee's land. During the time the
work of constructing the building was going on the Falke-
nau Construction Company was adjudged a bankrupt. Ap-
pellant had before that time furnished said materials, which
had not been paid for, and the bill was filed to enforce a
lien against the property of appellee. A copy of the con-
tract between appellee and the Falkenau Construction Com-
pany was attached to the bill as an exhibit. By this con-
tract it was agreed between the parties that "neither the
contractor nor any sub-contractor, material-man, nor any
other person, shall file or maintain a lien, commonly called
a mechanic's lien, for materials delivered for use in or work
done in the performance of this contract, and the right to

maintain such lien by any or all of the above named parties is hereby expressly waived, except in the event of the failure or refusal of the owner to pay the amount called for by any certificate of the architect within three days of the date of its tender to the owner for payment. Then, and in such case only, shall any of the above named parties have the right to file and maintain a mechanic's lien." The bill alleges appellant had no knowledge of the terms and conditions of the contract. Appellee demurred to the bill and assigned as cause for demurrer that the general contractor, the Falkenau Construction Company, by the agreement waived its claim and the right of appellant to a lien on the premises, and that the bill did not, therefore, state a cause entitling appellant to relief. The demurrer was sustained, and appellant electing to stand by its bill the same was dismissed for want of equity. This appeal was prosecuted direct to this court on the ground that the constitutionality of section 21 of the Mechanic's Lien act of 1903 is involved.

Said section 21 was held unconstitutional in an opinion filed at the June term, 1911, in *Kelly* v. *Johnson,* 251 Ill. 135. That decision was adhered to and followed in *Cameron-Schroth-Cameron Co.* v. *Geseke,* 251 Ill. 402, filed at the October term, 1911. It is conceded the decree of the circuit court must be affirmed if these cases are adhered to, but appellant contends those cases were decided erroneously and should be overruled. The decisions of this court referred to are decisive of this case, but appellant has filed an elaborate brief, in which it is contended the decisions of this court are not in harmony with or supported by the decisions of other courts, and it is earnestly insisted we should overrule them. We are not convinced that it is our duty to do so or that we would be justified in doing so.

The decree of the circuit court will therefore be affirmed.

*Decree affirmed.*