# Henry Marble Company, Appellee, v. William T. Church, Trustee, Appellant.

## Gen. No. 22,321.

1. MECHANICS' LIENS, § 57*—*who is not contractor.* In mechanic's lien proceedings, where the complainant sought to enforce a lien as contractor for the work of replacing certain marble tiling in a building of the defendant, and it appeared that a party wall existed between such building and the one adjoining, and that the holder of a 99-year leasehold of such adjoining premises made a contract with a construction company for the demolishing of the building adjoining that of the defendant, and for the foundation and masonry work of a new one, such contract providing for excavations under the party wall, the protection of the defendant's building and the furnishing and replacing of materials which might become injured in the doing of the work, and such construction company employed complainant to do such replacing work, *held* that complainant did not sustain the relation of contractor to the defendant, under the terms of section 1 of the Mechanics' Liens Act of 1903 (Hurd's Rev. St. 1911, p. 1477, J. & A. ¶ 7139), in force at the time in question.

2. MECHANICS' LIENS, § 59*—*who is subcontractor.* In mechanic's lien proceedings, where the complainant sought to enforce a lien as contractor for the work of replacing certain marble tiling in a building of the defendant, where it appeared that a party wall existed between such building and the one adjoining, and that the holder of a 99-year leasehold of such adjoining premises made a contract with a construction company for the demolishing of the building adjoining that of the defendant, and for the foundation and masonry work of a new building, such contract providing for excavation under the party wall, the protection of the defendant's building and the furnishing and replacing of materials which might become injured in the doing of the work, and the construction company made a contract with complainant to do such replacing work, *held* that the complainant was not a contractor under section 1 of the Mechanics' Liens Act of 1903 (J. & A. ¶ 7139), but was a subcontractor as defined in section 21 of said Act (J. & A. ¶ 7159), and that, as no attempt was made by averment or proof to bring complainant within the provisions of said section 21, it was needless to discuss whether he had any right to a lien as a subcontractor.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3. MECHANICS' LIENS, § 61*—*what is effect of waiver of lien by contractor*. A mechanic's lien cannot be enforced by a subcontractor where the contractor has waived his lien.

Appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Reversed with directions. Opinion filed April 10, 1917.

CHURCH, SHEPARD & DAY, for appellant; HOWARD W. LEWIS, of counsel.

OTTO W. JURGENS, for appellee; GEORGE H. MASON, of counsel.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

In 1912, and up to the date of this proceeding to enforce a mechanic's lien, appellant owned the fee to a certain Lot 2, and one Mayer a 99-year leasehold to the adjoining Lot 1. Both lots were improved with buildings. On their division line was a party wall, the agreement for which was recognized as in full force and effect. Mayer, desiring to demolish the building on his lot and to erect another in its place and having in mind his duty under the party-wall agreement (as found by the master) to support said party wall and repair any damage necessarily occasioned to appellant's premises in carrying out his plans of construction, entered into a contract with the Falkenau Construction Company for the foundation and masonry work of his building, which provided for excavations below the party wall, and that the Falkenau Company should protect appellant's building from all damages and injury during the erection of Mayer's building and should "furnish and replace materials, etc., which in any way might become injured or damaged by reason of the work under said building con-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tract.'' The specifications for Mayer's new building provided for such restoration and constituted a part of Mayer's contract with said Falkenau Company. By way of assurance Mayer showed appellant such provision in the specifications and verbally promised —what he was in duty bound to do under the party-wall agreement—to repair any damage that might be incurred to appellant's building. The Falkenau Company proceeded with its work shortly after entering into said contract. To do necessary underpinning and shoring of the party wall the Falkenau Company's workmen entered appellant's building and took out the marble tile floor from part of its basement, which appellee, pursuant to its contract with the Falkenau Company, subsequently restored. For furnishing said work and material it seeks to enforce a mechanic's lien on appellant's lot and building.

Shortly after the completion of the foundation work, appellant demanded of Mayer the restoration of his premises to their original condition. Thereupon Mr. Falkenau of the Falkenau Company called up appellant by telephone and asked if he would consent to a change of material for the floor. Appellant refused his consent insisting on restoration of the basement floor to its original condition, and accordingly it was relaid with marble tiling by appellee pursuant to its contract with the Falkenau Company. For the cost of such work and the interest thereon a decree was entered for a mechanic's lien on the land and improvements of appellant. In the view we take of the case it is immaterial whether appellant knew that the Falkenau Company had sublet that work to appellee.

The master in chancery to whom the case was referred for his conclusions of fact found the facts substantially as above stated, but they do not support appellee's claim to a mechanic's lien, which is predicated entirely on the theory that appellee was a contractor

as defined by section 1 of the Mechanics' Liens Act of 1903, then in force, which reads as follows:

"Any person who shall by any contract * * * with the owner of a lot * * * or with one whom such owner has authorized or knowingly permitted to contract for the improvement of or to improve the same, furnish material * * * for the purpose of repairing any * * * building * * * shall be known under this act as a contractor."
(Hurd's Rev. St. 1911, p. 1477, J. & A. ¶ 7139.)

The findings of the master and the record clearly show that the labor and material furnished by appellee were furnished pursuant to its contract with the Falkenau Construction Company. If under the terms of said section, therefore, any one held the relation of contractor to appellant as owner, it was either Mayer or the Falkenau Company, the former on the theory that he furnished the material and work by contract with appellant as owner, and the latter on the theory that it furnished the material and work under a contract with Mayer for the improvement and that appellant as owner authorized or permitted Mayer to enter into such contract with the Falkenau Company. But under neither theory nor the above state of facts does appellee occupy the position of contractor as defined by the statute and therefore it could not enforce a lien as such, because appellant neither made a contract with the Falkenau Company nor authorized it to make one with appellee. On the contrary, it clearly appears that appellee was a subcontractor, as defined in section 21 of said Act, which reads:

"Every mechanic, workman or other person who shall furnish any materials, * * * or furnish or perform services or labor for the contractor shall be known under this act as a subcontractor."
(Hurd's Rev. St. 1911, p. 1483, J. & A. ¶ 7159.)

No attempt was made by averment or proof to bring appellee within the provisions of the statute giving a

Henry Marble Co. v. Church, 205 Ill. App. 249.

lien to a subcontractor. It is needless, therefore, to discuss whether appellee had any right to a lien as such. The theory on which the bill was brought was not supported by the proof or findings of the master and court, and hence it should have been dismissed for want of equity.

But even if appellee were entitled to a lien as subcontractor, it cannot be enforced, in our opinion, because of provisions in the contract with the Falkenau Company whereby the latter, in effect, waived its right to any lien for work done on appellant's premises. It expressly agreed to protect appellant's building from all damages and replace materials in any way injured or damaged by reason of its work, the cost whereof was to be included in the price for Mayer's building. If the contractor waives his lien the subcontractor cannot enforce one. *Kelly v. Johnson*, 251 Ill. 135.

And upon the said state of facts it is questionable in view of Mayer's obligation under the party-wall agreement to make good the damages so sustained by appellant, and of the fact that the restoration was made pursuant thereto and not pursuant to a new contract with appellant, whether even the Falkenau Construction Company could, as against appellant, be deemed a contractor under section 1 of said Act (J. & A. ¶ 7139).

The decree will be reversed with directions to dismiss the bill for want of equity.

*Reversed with directions.*