Herman H. Hettler Lumber Co. v. Hodge, 227 Ill. App. 383.

**Herman H. Hettler Lumber Company, Complainant, v. Archibald G. Hodge et al.**
**On appeal of William Sullivan Company, Appellant, v. Harry K. Crafts et al., Appellees.**

### Gen. No. 27,166.

MECHANICS' LIENS—*waiver of right to lien.* The contractor's right to a mechanic's lien for an unpaid balance due on a contract for the installation of a heating plant in an apartment building is excluded by the provisions of the contract where in both the original copies of the contract, which were on printed forms, the words "free from mechanics' liens" were interlined in ink, at the time of execution of the contracts, in a clause so as to provide in effect for completion of all the work free of liens, and such words cannot be held to be limited in their effect to the liens of subcontractors.

Appeal by claimant from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1921. Affirmed. Opinion filed January 10, 1923. Rehearing denied January 25, 1923.

FRISCH & FRISCH, for appellant.

BURKE, JACKSON & BURKE, for appellees; CHARLES H. JACKSON, of counsel.

MR. JUSTICE TAYLOR delivered the opinion of the court.

On July 26, 1917, the petitioner, William Sullivan Company, a corporation, filed an intervening petition —in a pending suit in equity which involved a number of claims for liens—alleging that on June 13, 1916, it entered into a written contract with the defendant, Archibald G. Hodge, by which the petitioner, for $5,000, was to install a steam-heating plant in a thirty-six apartment building, known as the Parkway Terrace Apartments; and that it installed the heating

plant as provided for and was paid the sum of $4,200, leaving a balance of $800 due under the contract. The prayer of the petition is for a mechanic's lien upon the premises in question.

On April 15, 1918, the petitioner filed an amendment striking out certain lines and inserting the allegations that pursuant to said contract it installed a complete steam-heating plant, and in addition, at the request of Oliver S. Sollitt, agent of the defendant Hodge, furnished certain extras which made the contract price and extras amount to $5,347.11, and that $4,500 of that had been paid, leaving a balance due to the petitioner of $847.11.

The matters involved in the petition—together with other issues, which are here not in question—were referred to a master. Hearings were had, evidence was taken, and on October 22, 1920, a report was filed recommending that a decree be entered allowing the petitioner a fifth lien in the sum of $733.33.

The evidence showed that on June 13, 1916, the petitioner entered into a written contract with Hodge, trustee, to provide the work and material necessary for the installation in the building in question of a certain steam-heating plant for $5,000. That contract was made in duplicate, one copy being taken by each of the two parties. At the hearing before the master both copies were offered in evidence. Each was signed by the petitioner. In both of the exhibits, which were printed forms entitled Uniform Contract of Architects and Builders, there were interlined, in ink, in article VI, the words, "free from mechanics' liens." Before the master there was a controversy as to whether those words were interlined before or after the execution of the contract. The master, who heard the testimony, found that they were written in at the time or before its execution. But, in interpreting the words, "free from mechanics' liens," concluded that they referred only to the liens of subcontractors.

The evidence showed that a steam-heating plant was installed, but that it gave rise to a protracted controversy between the parties as to its quality and compliance with the contract. Certain changes were made and some extras furnished; and on October 21, 1916, the petitioner gave a written waiver of lien, as to "labor or materials, or both, furnished," by it up to and including November 3, 1916. The petitioner was paid $3,500, and in January, 1917, was paid $1,000. Those payments covered in full all the work and materials furnished prior to October 21, 1916, the date of the waiver. The master allowed the petitioner extras of $264.35, which added to the finally agreed price of $5,000 made a total charge of $5,264.35. He credited the defendant with total payments of $4,500, and gave him a credit of $105 for an air pump, making a total credit of $4,605. The difference between $4,605 and $5,264.35 being $659.35, he allowed, making in all, with interest, $733.33. For the latter amount he recommended a lien.

On behalf of the defendant, objections to the master's report were filed, and, subsequently, overruled; and, on December 8, 1920, upon filing the master's report, an order was entered that the objections stand as exceptions. The defendant's exceptions were to the effect (1) that the petitioner failed to complete the work according to the contract; (2) that the words, "free from mechanics' liens" precluded it from having a lien; (3) that the petitioner did not furnish a satisfactory "air system," and is not entitled to any charge therefor; and (4) that the petitioner is not entitled to a lien because it did not file a statement of claim for lien, verified by affidavit, as required by statute.

On June 29, 1921, the chancellor entered a decree finding that the petition as amended was insufficient in law to maintain a claim for a mechanic's lien, and that the petitioner did not file in the office of the cir-

cuit clerk of Cook county a statement of claim for a lien within four months after the completion of its contract as required by law, and ordering the dismissal of the intervening petition as amended.

The question now arises, here, upon review, whether the petition should have been dismissed. We are of the opinion that by the words of the contract, itself, the petitioner expressly excluded himself from any and all right to a mechanic's lien. The words in question are, "free from mechanics' liens." They appear, interlined, in ink, in both copies of the contract. There was some conflict as to when they were written. We have examined all the evidence on that subject, and, although the testimony of Sollitt, the beneficial owner of the property, and Hannan, secretary of the petitioner, is contradictory, we feel that the master was fully justified in finding that they were written in as an authentic part of the contract itself. Further, counsel for the petitioner seem to make no objection to considering the words as a part of the original contract, but claim that, as the master found, they refer only to liens of subcontractors.

It is provided in section 21, ch. 82, Cahill's Ill. St. (1921) that "if the legal effect of any contract between the owner and contractor is that no lien or claim may be filed or maintained by any one, such provision shall be binding."

In *W. W. Brown Const. Co. v. Central Illinois Const. Co.*, 234 Ill. 397, where a subcontractor claimed a lien under an original contract which contained the words, "the completed work, when offered to the company for acceptance, shall be delivered free from any and all liens, claims or incumbrances of any description," etc.; the court said: "The language above quoted from the original contract in this case amounts to 'an agreement claim that there shall be no lien,' and as the original contract, upon which the right of the sub-

contractor depends, contains this provision the subcontractor has no lien."

In *Kelly v. Johnson*, 251 Ill. 135, it was held that the words "do hereby waive and release any and all lien or claim, or right of lien, on said above described building and premises  *  *  *  on account of labor or materials, or both, furnished, or which may be furnished," etc., prevented the original contractor from maintaining a mechanic's lien for work and material which were furnished after the writing which contained the above quoted words was signed.

In *Henry Marble Co. v. Church*, 205 Ill. App. 249, it is stated that the contractor may waive a lien; but the actual words of the waiver in that case are not set forth in the opinion. In *Cameron-Schroth-Cameron Co. v. Geseke*, 251 Ill. 402, where the original contract provided that "the completed work called for by this contract, when offered to the owner for acceptance, shall be delivered free from any and all liens, claims or incumbrances of any description whatsoever," the court assumed that those words prevented the original contractor from claiming a lien of any kind. In *Rittenhouse & Embree Co. v. F. E. Brown & Co.*, 254 Ill. 549, where the original contract provided that the original contractor should deliver the building to the owner free from all claims, liens and charges, it was assumed by the court that those words precluded the original contractor from claiming and establishing a mechanic's lien. Likewise, in *Elgin, J. & E. Ry. Co. v. Northwestern Nat. Bank of Chicago*, 165 Ill. App. 35, where the original contract provided that a construction company turn over the completed work free from all indebtedness, judgments and liens of every character, it was assumed, by the court, that the original contractor was not entitled to a mechanic's lien. And in *Dupuis v. Snook*, 186 Ill. App. 330, where the contract provided that a certain portion of the consideration should "be paid when the building is com-

pleted, and accepted and delivered free from all liens or other incumbrances," the court said, after reviewing a number of cases: "It must therefore be considered the settled law of this State that if, by reason of the presence or absence of language in the original contract, the original contractor is not entitled to a lien, then the subcontractor can have no lien, and that a provision in the original contract that the building shall be delivered free of liens deprives both original and subcontractors of liens."

If, as in the *Kelly* case, *supra,* the original contractor contracted away his right to a mechanic's lien by using the words, "I * * * do hereby waive and release any and all lien or claim, or right of lien, * * * on account of labor or material, or both, * * * which may be furnished," did not the original contractor, here, in the instant case, contract away his right to a lien when he wrote that he would complete "free from mechanics' liens * * * the whole of the work comprehended in this agreement," etc. The words "free from mechanics' liens" is interlined, in ink, in a printed form of contract. They are universal in their exclusion. They exclude not only subcontractors but the original contractor. They are equivalent to a promise that there shall be no mechanic's lien, either in favor of the original contractor or subcontractor.

The decision *Concord Apartment House Co. v. O'Brien,* 228 Ill. 476, is not in conflict with the law, as stated above. In that case a contract contained the following words:

"All payments shall be made upon written certificates of the superintendent, to the effect that such payments have become due and according to the provisions of section 35 of the law of Illinois referring to subcontractors' liens, as in force July 1, 1887, and as amended and in force July 1, 1891; also furnishing, whenever requested, to the party of the second part, a release from any liens or right of lien."

In construing that language, Mr. Justice Vickers said:

"The object of this section was to enable the owner to fully protect himself from subordinate liens when making settlement with the original contractor. The clause in O'Brien's contract refers very specifically to this section 35, and calls attention to the fact that it refers to subordinate contractors. It seems clear to us that in making this portion of their agreement the parties to this contract had in mind subordinate contractors only. The provision was inserted for the benefit of appellant, so that in settling with O'Brien it might fully guard against his subordinate contractors and materialmen. The authorities cited by counsel for appellant where liens were denied were cases in which there was a bond given or an express waiver of lien in the contract. We cannot give to the clause in question the force of an express waiver of lien. We do not think that it was intended to bind O'Brien to release his own right of lien without payment, but that he merely agreed to furnish releases from his subordinate contractors on request."

The case of *Advance Terra Cotta Co. v. Moran*, 207 Ill. App. 17, is based, apparently, upon a misapprehension of the language used in the *Concord Apartment House Co.* case, *supra*, and is not the law as expressed by the Supreme Court.

In the *O'Brien* case, *supra*, it will be observed there were no words which constituted, to use the language of the court, "an express waiver of lien." The particular clause in the contract, in that case, referred to the method of payments provided for by section 35 in regard to subcontractor's liens, and as to the furnishing of releases from liens, and under such circumstances it could not be reasonably held that the original contractor had expressly waived his right of lien. But, in the *Moran* case, *supra*, the words were, "to complete same free and clear of any liens or incumbrances," and, according to the authorities cited

above, were sufficient to exclude any right of lien on the part of the original contractor, yet, owing to a misinterpretation of the *O'Brien* case, *supra,* the opposite was held.

In view of the fact that we are of the opinion that the petitioner, owing to the terms of his contract, and as a matter of law, was not entitled to a mechanic's lien, it becomes unnecessary to consider any of the other matters which are presented in the briefs of counsel.

The decree of the chancellor dismissing the petition for want of equity will, therefore, be affirmed.

*Affirmed.*

THOMSON, P. J., and O'CONNOR, J., concur.