## William G. McNulty and John P. McNulty, copartners, trading as William G. McNulty & Brother, et al., Appellees, v. Joseph J. White and Edith C. White, Appellants.

## Gen. No. 30,780.

1. APPEAL AND ERROR—*when decree will not be affirmed pro forma notwithstanding appellants' failure to file abstract conforming to rule of Appellate Court.* A decree in mechanics' lien proceedings will not be affirmed pro forma because of appellants' failure to file an abstract of the testimony complying with Rule 18 of the Appellate Court where appellants admit, for the purpose of the review, that the facts are correctly stated by the master in his report, and they contend only that he has drawn erroneous legal conclusions from such facts.

2. MECHANICS' LIENS—*when variance between bill and decree immaterial.* Where intervening petitions in mechanics' lien proceedings contain allegations sufficient to support a decree against the defendants as joint owners of the premises in suit, the fact that the principal petition lacked averments appropriate to charge both of such defendants is immaterial, especially in view of the conclusion of the court adverse to the right of such principal contractor to a lien upon such premises.

3. MECHANICS' LIENS—*when allowance of interest upon incumbrance and solicitor's fees to holders thereof properly made in decree directing sale.* A decree in mechanics' lien proceedings was not erroneous because including an allowance of interest upon the incumbrance covering the property in suit, together with solicitor's fees to the legal holders of such incumbrance, where such decree was in accordance with the specific provisions of the trust deed regarding interest and solicitor's fees.

4. MECHANICS' LIENS—*inclusion of riparian rights in decree ordering sale of premises to satisfy liens.* Where the title to property in respect of which mechanics' lien proceedings were instituted showed that the property of the defendants ran to the water's edge of Lake Michigan, the decree directing the sale of the property to satisfy such liens properly included a provision for the sale of the riparian rights belonging and appertaining to such property, in view of Cahill's St. ch. 82, ¶ 1.

5. MECHANICS' LIENS—*building construction contract provision as effecting waiver of right of principal contractor and his subcontractors to lien for labor and material furnished.* Where a

building construction contract provided: "The contractor shall
and will, for the consideration hereinafter mentioned, furnish, con-
struct, set in place, furnish and deliver to the Owner, free from all
claims, liens and charges, and in good, substantial, thorough and
workmanlike manner and under the direction and to the satisfac-
tion of Ernest A. Mayo, the Architect, all material and labor neces-
sary to complete the plans and specifications herein signed in
duplicate, two sets of each," held that such provision was a waiver
of all right on the part of the principal contractor and of all sub-
contractors claiming under him, to a lien upon such premises for
either labor or material, in view of the express provisions of Cahill's
St. ch. 82, ¶ 21, as amended by Laws 1913.

Appeal by defendants from the Circuit Court of Cook county; the
Hon. IRA RYNER, Judge, presiding. Heard in the second division of
this court for the first district at the March term, 1926. Affirmed
in part and reversed in part and remanded with directions. Opin-
ion filed October 5, 1926. Rehearing denied October 18, 1926.

STEBBINS, GAREY, L'AMOREAUX & HURTUBISE, for ap-
pellants.

A. S. and E. W. FROEHLICH, CULVER, ANDREWS &
KING, CASSELS, POTTER & BENTLEY, JOSEPH ROSENBERG,
ERWIN F. STOLLE, FRISCH & FRISCH and EDWARD W.
RAWLINS, for appellees.

MR. JUSTICE FITCH delivered the opinion of the
court.

This is an appeal from a decree entered in a
mechanics' liens proceeding, establishing liens against
appellants' property, a residence on Sheridan Road,
in Winnetka, Illinois, in favor of the contractors and
of certain defendants and intervening petitioners, and
ordering the sale of the property to pay the amount
of such liens, if not paid by appellants within ten days
from the date of the decree.

The evidence upon the bill, cross-bill, intervening
petitions and the answers thereto, was taken before a
master, who made a report of his conclusions of law
and fact. After appellants' one hundred and forty-

nine exceptions to the report had been overruled by the court, it was approved, and a decree entered in accordance with the master's findings and conclusions. The evidence reported by the master is embodied in over 1,300 typewritten pages of the transcript. Practically none of this evidence has been abstracted. As filed, the abstract is a printed volume of 190 pages, of which the first 162 pages consist of copies, practically *verbatim*, of the pleadings, master's report and decree. The next 20 pages purport to abstract 170 exhibits, following which less than three pages are given to a purported abstract of 1,323 pages of evidence, and the concluding four pages contain the assignments of error.

Rule 18 of this court requires an abstract to "show, in condensed form, the pleadings necessary to present any question raised thereon and the judgment," that "where the record contains the evidence it shall be condensed in narrative form in the abstract so as to present clearly and concisely its substance," and that "the abstract must be sufficient to present fully every error and exception relied upon." It cannot be successfully contended that appellants' abstract complies with this rule, and for that reason, appellees urge that the decree be affirmed *pro forma*. Counsel for appellants, in their reply brief, admit that they have not attempted to abstract the testimony and say that "for the purpose of this review, we admit that the facts are stated correctly by the master in his report, but it is claimed he has drawn erroneous legal conclusions from such facts." In view of this admission and claim, we are not disposed to affirm the decree merely because of the want of a sufficient abstract of the testimony, but shall assume that the findings of fact in the master's report are fully sustained by the evidence taken and reported by him.

This admission of appellants' counsel disposes, adversely to appellants, of all contentions which are

based upon alleged statements of fact at variance with the master's findings of fact, including the contention that Ernest A. Mayo, an architect, who (as the master found) was employed by appellants and acted throughout as the agent of appellants, was, in fact, the general contractor instead of William G. McNulty & Bro., and also the contention that appellants' cross-bill, founded on the latter theory of the facts, was erroneously dismissed for want of equity.

It is urged by appellants that there are no allegations, and no prayer in the bill, justifying a decree against Mrs. White, who was an owner, jointly with her husband, of the Sheridan Road lot. The bill alleges such joint ownership and the master found, in effect, that the work was all done with her knowledge and consent and that she approved it all. She and her husband filed joint and several answers to the bill and a joint cross-bill in which they took the position that Mayo, and not McNulty, was the general contractor. However, all the intervening petitions contain allegations sufficient to support a decree against Mrs. White in favor of such petitioners, and in view of our conclusion, hereafter stated, as to the alleged liens of complainants and their subcontractors, the variance complained of is immaterial.

We think there was no error in the allowance of interest on the incumbrance, and in allowing solicitors' fees to the legal holders of the same, for the reason that the decree appears to follow the specific provisions of the trust deed regarding interest and solicitors' fees.

The property of appellants runs "to the water's edge of Lake Michigan," and the decree directs the sale of the property, "together with all riparian rights belonging or appertaining" thereto. It is insisted that such rights are not the subject of a mechanic's lien. The statute [Cahill's St. ch. 82, ¶ 1] provides that such liens shall extend to any interest the owner

may have "in the lot or tract of land at the time of making such contract or may subsequently acquire therein." There is no merit in the contention.

It is next urged that under the terms of the contract set up in complainants' bill no lien or claim may be filed or maintained by anyone for work done or materials furnished as provided therein. That contract is between Joseph J. White, designated as "the owner," and William G. McNulty & Bro., designated as "the contractor." It begins as follows:

"The contractor shall and will, for the consideration hereinafter mentioned, furnish, construct, set in place, finish and deliver to the Owner, free from all claims, liens and charges, and in good, substantial, thorough and workmanlike manner and under the direction and to the satisfaction of Ernest A. Mayo, the Architect, all material and labor necessary to complete the plans and specifications herein signed in duplicate, two sets of each."

In *Brown Const. Co. v. Central Illinois Const. Co.*, 234 Ill. 397, it was held that a provision in a construction-work contract between an original contractor and a railroad company, that the completed work should be delivered "free from any and all liens, claims or incumbrances of any description," amounts to an agreement that there shall be no lien, and therefore neither the original contractor, nor any of his subcontractors, can assert any lien upon the railroad property. In *Kelly v. Johnson*, 251 Ill. 135, and in *Cameron-Schroth-Cameron Co. v. Geseke*, 251 Ill. 402, it was assumed that such a provision in a contract would preclude the contractor, or any subcontractor, from establishing a lien. In the last two cases, the decision mainly turned upon the constitutionality of an amendment made in 1903 to section 21 of the Mechanics' Liens Act [Cahill's St. ch. 82, ¶ 21]; but, in *Rittenhouse & Embree Co. v. Warren Const. Co.*, 264 Ill. 619, the precise question here involved was

squarely presented and decided. It was there held that a provision in a building contract by which a contractor agrees to deliver the work "free from all claims, liens and charges," is clearly a waiver of all claims for mechanics' liens by such contractor, and that such waiver is binding upon his subcontractors, who are presumed to have contracted with full knowledge of the provisions of the original contract.

It is insisted that since the passage in 1913 of the amendment to section 21 of the Lien Act [Cahill's St. ch. 82, ¶ 21], a different rule applies. That amendment provides, in substance, that as against subcontractors, "the only admissible evidence" that the contract with the owner waives all liens "shall be proof of actual notice thereof to him," or proof that the contract was recorded, before any work or labor is furnished by him. Neither the master's report nor the decree contains any finding of fact on this subject. In the absence of such findings, or any abstract of the evidence, we must presume, as was done before the amendment of 1913 was enacted, that the subcontractors contracted with full knowledge of the provisions of the McNulty contract, upon which the rights of the subcontractors depend. "The fountain cannot rise above its head." (*Brown Const. Co. v. Central Illinois Const. Co., supra.*)

Counsel for the contractors and subcontractors in this case also contend that subsequent provisions in the contract show that it was not the intention of the contractor to waive his right to a mechanic's lien. The provisions referred to are of the same general character as the provisions in the contract that was before the court in *Rittenhouse & Embree Co. v. Warren Const. Co., supra,* where a like contention was made, and it was there held that such subsequent provisions of the contract in no way alter or modify the provision requiring the building to be finished and delivered "free from all claims, liens and charges."

The court said that such subsequent provisions were intended for the benefit of the owner and to insure the prompt and faithful performance of the contract by the original contractor, and that the owner forfeited none of his rights "secured by the earlier provisions of the contract, by embodying these additional provisions in the nature of additional security for the faithful and speedy performance of the contract."

We are of the opinion that these decisions of the Supreme Court are decisive of the contention here made, and that under such decisions the original contractor, William G. McNulty & Bro., waived all right to any mechanic's lien upon the premises of appellants, and that such waiver in their contract is binding upon the appellees, W. H. Dow Manufacturing Company, John M. Hoffman, and Theo. Ebert & Co., who are found by the master's report to be subcontractors of William G. McNulty & Bro. Counsel for Theo. Ebert & Co. say that, as a matter of fact, the work done by them was not included in the McNulty contract, but "was contracted for by the owners with McNulty & Co. in a different way altogether and the evidence discloses how and when it was done." Counsel has not abstracted, or pointed out in any other manner, any evidence to that effect which is to be found in the voluminous record. The intervening petition filed by Ebert & Co. states that McNulty & Bro. had contracted with appellants to provide the labor and materials "required for the erection" of appellants' residence, and "that for that purpose," Ebert & Co. contracted with McNulty & Bro. to do the painting and decorating "required in the erection" thereof. The McNulty contract, printed in full in the abstract, contains a provision that "as the original figures were given from incomplete plan and specifications," the contractor is to "provide all the materials, workmanship and labor required for the finishing and completion of said work," and that reasonable charges are to

be made by him for "alterations and additions called for under completed plans." Among the exhibits appended to the completed plans we find specifications for painting. Ebert & Co.'s bid, attached to their intervening petition, is for "painting, decorating and wood finishing of residence for Mr. J. J. White, located in Winnetka, Illinois, in accordance with plans and specifications prepared by Ernest A. Mayo, Architect." This bid is addressed to and was accepted by McNulty & Bro. In our opinion, this evidence shows that Ebert & Co. were subcontractors of McNulty & Bro., as the master finds, and that the master's statement that "McNulty's contract did not include the painting and decorating" must be read in the light of the facts stated, as meaning that McNulty's bid on the "incomplete specifications," referred to in the contract, did not include painting.

The other liens allowed by the decree stand on a different footing. The intervening petitions of the appellees, Phillips-Getschow Company, Louis Stolle, North Shore Hardware Company and Robbins Manufacturing Company, show that they are not subcontractors of McNulty & Bro., but are original contractors who did work or furnished materials under contracts made directly with the owners. It is not claim that such contractor contained waivers of liens, similar to the waiver in the McNulty contract.

It follows from what we have said that in our opinion the court erred in allowing liens in favor of William G. McNulty & Bro., John M. Hoffman, W. H. Dow Manufacturing Company and Theo. Ebert & Co.; and that part of the decree relating to them is therefore reversed. All that part of the decree relating to the liens of Louis Stolle, Phillips-Getschow Company, North Shore Hardware Company, Robbins Manufacturing Company, and to the claims of the Chicago Title and Trust Company, as trustee, and Richard Williamson, Dora Williamson and Dora W. White, as

holders of notes secured by trust deed on the premises of appellants, is affirmed. That part of the decree which orders that the amounts paid to the master on account of his fees and stenographer's charges by Mc-Nulty & Bro., and their three subcontractors, and by Mayo, be taxed in their favor against appellants, is reversed. Each of said parties will pay his or its own costs incurred or paid in the circuit court and also in this court. Appellants will pay their own costs in this court. That part of the decree which orders that the amounts paid by Louis Stolle, Phillips-Getschow Company, and Richard Williamson, Dora Williamson, and Dora W. White to the master on account of master's fees and stenographer's charges be taxed in their favor against appellants, is affirmed. Finally the cause will be remanded with directions to enter a decree in conformity with these conclusions.

*Affirmed in part and reversed in part and remanded with directions.*

GRIDLEY, P. J., and BARNES, J., concur.