## BROWN v. RODOCKER ET AL.

1. **Mechanic's Lien:** FOR WORK AND MATERIALS ONLY: RULE APPLIED. A mechanic's lien will attach, and can be enforced, for work and materials only. Accordingly, where plaintiff and defendant traded properties, and defendant's property was estimated to be worth $250 more than plaintiff's, and plaintiff agreed to pay this difference in work and materials to be furnished for a house for defendant, but defendant's property was mortgaged for $250, which she agreed to pay, and plaintiff performed his part of the contract by furnishing the labor and materials, but defendant failed to pay off the mortgage, *held* that defendant's indebtedness to plaintiff was not for the labor and materials furnished, and that a mechanic's lien would not attach therefor to the property for which they were furnished.

*Appeal from Greene Circuit Court.*

FRIDAY, OCTOBER 24.

ACTION to foreclose a mechanic's lien. After the plaintiff had introduced his evidence, the circuit court, without hearing evidence on the part of defendants, upon their motion, dismissed plaintiff's petition. He now appeals.

*C. H. Jackson*, for appellant.

*McDuffie & Howard*, for appellees.

BECK, J.—I. The facts disclosed by plaintiff's evidence are as follows: Plaintiff traded to defendant, Rodocker, eighty acres of land in Clay county for a house and lot in Scranton. There was an estimated difference in values of $250 in favor of the Scranton property, which plaintiff undertook to pay by work and materials to be furnished for a house to be built in Churdan. The Scranton property was encumbered to the amount of $250. The conveyances of the separate properties were made pursuant to this trade, and plaintiff furnished the material and performed the work stipulated for upon the Churdan house. Rodocker was to pay the encumbrance upon the Scranton property, but failed to do so.

II. This action is to enforce a mechanic's lien upon the Churdan house on account of the $250 expended thereon by plaintiff. It is plain that defendants owe him nothing for materials and labor upon this house. He was paid therefor by the conveyance of the Scranton property. But it is claimed that, by reason of the failure of defendants to pay the mortgage thereon, they owe plaintiff $250. That is quite true, but it is not a debt for work and materials; it is based upon the failure of defendant to pay the mortgage on the Scranton property, and upon such breach of contract there is no remedy by proceedings for a mechanic's lien. Such lien can be enforced only for work and materials; it surely does not exist on account of a failure to pay the encumbrance.

But plaintiff insists that it was agreed that, to secure him

against the mortgage, he was to have a mechanic's lien upon the Scranton property. If it be conceded that it was competent for the parties to make a contract providing that a mechanic's lien should be enforced in case of failure to pay the mortgage, (a very doubtful proposition,) yet the evidence fails to establish that a contract of that kind was really entered into between the parties. Plaintiff testifies that he was to have a "lien" to secure him, and that he "took a lien" for that purpose. But he does not testify to any agreement of the parties authorizing him to take and enforce a mechanic's lien. Plaintiff offered to prove that Rodocker had, in some connection, said that plaintiff "had a lien" on the Churdan house. But the character of such lien, and whether defendants agreed to its enforcement, was not shown or attempted to be shown by the evidence offered, which was excluded. Had it been admitted, it would not have changed the result in the case. Therefore, considering this excluded evidence as competent and before us, with all the other proof, we reach the conclusion that plaintiff is not entitled to recover in this action. The judgment of the circuit court is

AFFIRMED.