LYMAN F. PARDUE, APPELLEE, V. MISSOURI PACIFIC RAILWAY COMPANY, IMPLEADED WITH H. McKEE, APPELLANT.

FILED JUNE 16, 1897.   No. 7321.

1. Damages for Breach of Contract: MECHANICS' LIENS.   In the case of a building contract, where the owner has wrongfully interrupted the contractor and prevented his completing the work, the contractor is entitled to a lien for the reasonable value of the labor he has performed and material he has furnished, but he cannot have a lien for the damages sustained from the breach of the contract.

2. Mechanics' Liens: STATUTE OF LIMITATIONS.   One contracting directly with the owner may file his claim of lien at any time within four months of the time of the performance of the labor or furnishing of the material.

3. ———: ———.   The statute of limitations begins to run against a mechanic's lien from the time of filing the claim of lien.

APPEAL from the district court of Lancaster county. Heard below before HALL, J.   *Reversed.*

*F I. Foss* and *W. R. Matson,* for appellant.

*Milton M. Starr* and *Lamb, Adams & Scott, contra.*

IRVINE, C.

This was an action by Pardue to foreclose a mechanic's lien on an elevator situated on the right of way of the Missouri Pacific Railway Company.   The elevator belonged to the defendant McKee.   The district court rendered a decree finding due the plaintiff $450, and estab-

lishing a lien on the elevator, and such interest as McKee had in the land.   McKee appeals.

It appears from the record that a contract was entered into between Pardue and McKee, whereby Pardue undertook to construct the elevator for $1,725.   He performed certain work and furnished certain material, alleged to be of the value of $699.38, when McKee took possession and himself completed the work, claiming the right to do so because of unreasonable delay by Pardue.   The petition, after pleading the performance of labor and furnishing material as above stated, and admitting the payment of $600, alleges that McKee's refusal to permit Pardue to proceed under his contract was wrongful, and that plaintiff was damaged thereby in the sum of $1,125.   The answer alleges that Pardue failed to complete the work within a stipulated time or within a reasonable time, and counter-claims for several items of damages.   It is somewhat difficult, from the briefs, to ascertain precisely what rulings McKee considers erroneous.   The controversy turns almost entirely upon the question as to whether the exclusion of the contractor was rightful or wrongful, and as to what items of damages and counter-damages should be allowed.   We do not see how, in this case, any of these questions can be considered.   Our mechanic's lien law (Compiled Statutes, ch. 54, art. 1) confers a lien for labor performed or material furnished for the erection, reparation, or removal of certain structures; but it nowhere confers a lien upon such structures for damages arising from a breach of contract to erect them.   Assuming, as plaintiff contended, and as the court below evidently found, that the owner's interruption of the contractor and refusal to permit him to proceed were wrongful, it is established that the contractor is entitled to a lien for the value of all labor which he has performed and material which he has furnished.   (*Von Dorn v. Mengedoht,* 41 Neb., 525.)   It is true that there is a statement in that opinion that had there been a finding, supported by evidence, that the contractors had sustained other damages,

they would have been entitled to the amount of such damages. But there was no such finding and the lien was in that case allowed only for the value of the labor and materials. So the court was not considering whether the damages referred to, had they existed, would form the basis of a mechanic's lien. On the other hand, it is at once apparent that the statute does not confer a lien for such damages. (*Denniston v. McAllister*, 4 E. D. Smith [N. Y.], 729.) In deciding this point we are perhaps transgressing the general rule that the court will not consider questions not presented by the briefs. But the question is so fundamental that we feel warranted if not compelled to consider it. It would seem absurd, and certainly very difficult, to proceed in an attempt to adjust conflicting claims for damages for a breach of a building contract, with a view to establishing a lien therefor, when no such lien can possibly exist. The $600 was applied, both by contract and act of the parties, to payment for labor and materials, so that the only portion of that claim remaining unpaid is $99.38. There is ample evidence to support the finding of the district court in favor of the plaintiff as to this item.

It is argued that as to the material, the law required the claim of lien to be filed within sixty days, and this was not done. Counsel, however, mistake the statute. The differing requirements as to the time when a claim of lien must be filed grow out of the distinction between principal contractor and subcontractors, and not between material-men and builders. It is also argued that the lien takes effect from the time when the first materials were furnished, and we understand the position of counsel to be that the action must be brought within two years from that time. The statutory provision, however, is that the lien shall operate "for two years after the filing of such lien." The statute of limitations begins to run from that time, and not from the time when the lien first attaches. The action was brought within the prescribed period.

The decree of the district court is reversed, and a decree will be entered here in all respects similar, except that the amount of the lien will be only $99.38, with seven per cent interest from the 8th day of January, 1889, the date when McKee excluded the plaintiff from the work.

JUDGMENT ACCORDINGLY.