## CAMERON REFINING CO. v. JERMAN.

No. 15464—Opinion Filed June 16, 1925.

Rehearing Denied July 14, 1925.

**Oil and Gas—Laborer's Lien Against Leasehold—Necessity for Primary Liability to Employing Contractor.**

By reason of sections 7464 and 7466, Comp. St. 1921, a lien is given in favor of one who

performs labor under a contract with an original contractor from the same time and in the same manner and to the same extent as to the original contractor. But, where there is no primary liability existing from the leaseholder of an oil and gas lease to the original contractor, there cannot, under said sections, be a lien in favor of such laborer.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Carter County; Asa E. Walden, Judge.

Action by Jack J. Jerman against D. M. Gay and the Cameron Refining Company, the Cameron Refining Company being plaintiff in error, for a money judgment and enforcement of laborer's lien. Judgment for plaintiff. Cameron Refining Company appeals. Reversed, with instructions.

Geo. N. Otey and L. B. Otey, for plaintiff in error.

Brett & Brett and Ahern, Fitzpatrick & Murphy, for defendant in error.

Opinion by THOMPSON, C. This action was commenced in the district court of Carter county, by Jack J. Jerman, defendant in error, plaintiff below, against D. M. Gay and the Cameron Refining Company, a corporation, defendants below, the Cameron Refining Company being plaintiff in error here, to recover the sum of $462 and enforcement of a laborer's lien against an oil and gas lease held by the plaintiff in error on 40 acres of land in section 30, township 2, south, range 2 west, in Carter County, Okla.

D. M. Gay did not defend and the cause proceeded to trial between Jack J. Jerman, defendant in error, and the Cameron Refining Company, plaintiff in error.

The parties will be referred to in this opinion as plaintiff and defendant as they appeared in the lower court.

The record discloses by the pleadings and the agreed statement of facts that the Cameron Refining Company owned an oil and gas lease on which it had drilled a well, known as No. One; that D. M. Gay was a drilling contractor, owning his own tools, and was employed in the business of drilling oil and gas wells and cleaning out oil and gas wells; that plaintiff, Jack J. Jerman, was a driller and was employed by D. M. Gay, the drilling contractor, as a driller or laborer at the rate of $11 per day; that defendant, Cameron Refining Company, contracted with D. M. Gay to clean out and drill well No One on its lease to a depth of 150 feet deeper than its depth at the time of making the contract; that said Gay was

to perform said work and furnish the tools, material, and labor thereon, and, in the event he was successful in performing the work, he was to receive for his services the sum of $2,500; in the event he was not successful in performing the same, he was to receive nothing; that Jack J. Jerman was not a party to the contract or agreement and had no information of said agreement at the time he performed the labor for Gay; that the plaintiff performed work and labor on the lease for the term of 42 days for which he received no pay; that six days and a half of said labor were performed in connection with work other than on well No. One; that the balance of the 42 days was performed under the contractor, D. M Gay, on well No. One, while the said Gay was working on well No. One, under the contract; that defendant, Cameron Refining Company, admits that it owes him for the six and a half days' work at $11 per day, or a total of $71.50, and offered to pay him at the trial; that Gay, the contractor, never performed the work in cleaning out and drilling well No. One deeper, but totally abandoned the same and left the well in an unfinished and uncompleted condition, and the said Gay said he did not complete well No. One and therefore did not have any money coming to him and never did have any money coming to him under said contract.

Under this statement of facts the court rendered judgment in favor of the plaintiff, Jack J. Jerman, for the total amount of $462 and declared a lien upon the defendant's leasehold property and ordered the same foreclosed to which judgment of the court the defendant, Cameron Refining Company, excepted; filed motion for new trial, which was heard and overruled, and exception reserved and the cause comes to this court upon appeal by the defendant, Cameron Refining Company, for review.

Although the attorneys for the defendant urge three propositions upon which a reversal of this cause is sought, yet, in our view of the case, the whole matter can be disposed of upon the one proposition, and that is whether, under the lien laws of this state, there is any primary liability existing from the leaseholder, Cameron Refining Company, to D. M. Gay, the original contractor. If the defendant does not owe Gay, the contractor, then can there be a lien declared in favor of Jerman against the defendant's property? The parts of the lien law of this state necessary to a decision here are sections 7464 and 7466, Comp. St. 1921, parts of which are as follows:

Section 7464: "* * * Any person * * *

who shall, under contract, express or implied, with the owner of any leasehold for oil and gas purposes * * * perform labor * * * used in the digging, drilling, torpedoing, completing, operating or repairing of any oil or gas well, or who shall perform any labor in constructing or putting together any of the machinery used in drilling, torpedoing, * * * any gas well, shall have a lien," etc.

Section 7466: "Any person * * * who shall perform such labor under a subcontract with a contractor or who, as an artisan or day laborer in the employ of such contractor, shall perform any such labor, may obtain a lien upon said leasehold for oil and gas purposes * * * in the same manner and to the same extent as the original contractor, for the amount due him for such labor, as provided in the preceding section."

These sections of the statute have recently been construed by this court, speaking through Vice Chief Justice Branson, in the case of Brenner Oil Company, a Corporation, and A. R. Simons v. Dickason-Goodman Lumber Company, A. W. Ferguson and E. E. Beech, 108 Okla. 257, 236 Pac. 44. the syllabus of which is as follows:

"By reason of sections 7464 and 7466, Comp. St. 1921, a lien is given in favor of a materialman, under a subcontractor, from the same time and in the same manner and to the same extent, as if the materialman had furnished the material at the instance of the original contractor. But where there is no primary liability existing from the leaseholder to the original contractor, there cannot, under said sections, be a lien in favor of a materialman under a subcontractor."

And, in said opinion, the case of Christy v. Union Oil & Gas Company, 28 Okla. 324, 114 Pac. 740, decided by Justice Dunn, is quoted and followed.

In the light of the two opinions, which are identical in their facts and legal principle with the case presented here, where the leaseholder, under the plain terms of its contract, did not owe the contractor, Gay, who employed the laborer as a driller in this case, in the first instance, it cannot be held liable to the contractor's employe, Jerman, for the reason that no primary liability existed from the Cameron Refining Company to the original contractor, D. M. Gay. Under such circumstances, we are forced to conclude that the trial court committed reversible error in pronouncing judgment in favor of the plaintiff, Jack J. Jerman, against the Cameron Refining Company, declaring a lien upon its leasehold estate.

We are, therefore, of the opinion that the judgment of the lower court should be and is hereby reversed, with instructions to vacate and set aside the judgment decreeing a lien on the leased property of the defendant and to enter judgment against the Cameron Refining Company for the sum of $71.50 in favor of the plaintiff.

By the Court: It is so ordered.