## JOSEY OIL CO. et al. v. LEDDEN et al.

No. 20464. Opinion Filed March 21, 1933.

A. J. Biddison, Harry Campbell, Valjean Biddison, and John H. Cantrell, for plaintiffs in error.

Pryor & Stokes and Hugh M. Sandlin, for defendants in error.

BAYLESS, J. Josey Oil Company, a corporation, and Margay Oil Corporation, a corporation, the owners of a certain lease in Hughes county, Okla., entered into a contract with George B. Orr Drilling Company, a corporation, by which the latter was to drill a well upon the lease to a depth of approximately 3,400 feet, unless a producing well was brought in at a lesser depth. For this the drilling company was to be paid $4 per foot if and when the well was completed, but it was not to be paid anything if it did not complete the well. The lease owners bound themselves by this contract to furnish the casing used in the drilling of this well, but the drilling company was to furnish all other equipment needed. The drilling company began the well, but abandoned it at about 2,000 feet and forfeited its rights under the contract. All of this was during the years 1924 and 1925. At the time it abandoned the well and forfeited the contract it owed certain supply bills and laborers' wages. The laborers and materialmen instituted actions to establish their lien claims, which actions were consolidated into one and tried by the court without a jury. The court denied certain lien claims, from which no appeal was taken, and allowed others. Josey Oil Company and Margay Oil Corporation appeal from the judgment attaching the liens to the casing belonging to them. Josey Oil Company and Margay Oil Corporation will be referred to herein as owners, George B. Orr Drilling Company will be referred to as drilling company, and the plaintiffs will be referred to collectively as lien claimants where not specifically mentioned.

The lien claimants filed lien statements reciting the labor done for or material furnished to the drilling company alone, and stated that this was done in the fulfillment of a contract between the owners and the drilling company. None of the lien claimants claimed to have furnished material or performed labor under a contract direct with owners. The allegations of the respective lien statements and the pleadings filed in this action by the lien claimants are in substance and form those of a subcontractor. The court in its findings of fact attempted to treat the lien claimants as original contractors by finding that they had four months within which to file the lien statements. This court, in the case of Anthony v. Dukes, 130 Okla. 298, 267 P. 462, holds:

"The evidence shows that the defendant * * * had a contract to drill wells for oil and gas upon the leasehold in controversy, and that the plaintiff * * * furnished * * * the contractor material used by him in the development of the lease. The plaintiff, therefore, became a subcontractor within the meaning of section 7463, C. O. S. 1921"

—and in Irelan v. Smoot, 132 Okla. 270, 270 P. 29, holds:

"The plaintiff does not claim that he entered into any contract with the defendant Irelan (the owner). The contract was made with P. J. King, the contractor mentioned in the contract (the contract between Irelan and King). * * * It follows that the plaintiff was not an original contractor, but was a subcontractor. * * *" (Our remarks in parentheses).

We hold that when lien claimants contract with the contractor and not with the owners, they are subcontractors within the meaning of sections 7463 and 7466, C. O. S. 1921 (sections 10977 and 10979, O. S. 1931).

There are several reasons apparent upon the face of the record why the lien claimants, as subcontractors, do not have liens upon the separate property of the owners. We will direct our attention to but one of these reasons for it is covered by a specific finding of fact by the trial court, supported by uncontradicted evidence, and alone is determinative of this action. In this finding the court said:

"The court further finds that the well was never completed by the defendant, George B. Orr Drilling Company, and for this reason the Josey Oil Company was not indebted to the said George B. Orr Drilling Company in any sum under said contract for the drilling of said well."

This court, in the case of Christy v. Union Oil & Gas Co., 28 Okla. 324, 114 P. 740, said:

"A subcontractor on a leasehold for oil and gas purposes is entitled to a lien thereon under section 2, art. 5, c. 28, Sess. Laws 1905 (section 6171, Comp. Laws 1909), from the same time, in the same manner, and to the same extent as the original contractor, but is not entitled to a lien for any greater amount or to any greater extent; and, where there is no primary liability to the original contractor, there is not, under said act, any liability to the subcontractor."

This rule is followed in Brenner Oil Co. v. Dickason-Goodman Lumber Co., 108 Okla. 257, 236 P. 44, and Cameron Refining Co. v. Jerman, 110 Okla. 272, 238 P. 437. The rights of a contractor and a subcontractor to have a lien are purely statutory. The subcontractor is given a lien only "* * * in the same manner and to the same extent as the original contractor. * * *" (Section 7466, C. O. S. 1921, sec. 10979, O. S. 1931). When it is shown that the original contractor cannot have a lien upon the property of the owner, under section 7464, C. O. S. 1921, as amended in section 10978, O. S. 1931, then his subcontractors can have no lien upon specific property under the subcontractor's lien statute.

After this cause had been submitted to the trial court for determination and all of the evidence had been concluded, the lien claimants asked permission of the trial court to amend the pleadings in order to conform to the proof and that they be permitted to plead estoppel as against the owners. The trial court granted this request, and thereafter rendered judgment, and in his findings specifically found that the lien claimants were original contractors and that the owners were estopped from claiming title to the casing involved herein.

Inasmuch as we have herein held that the lien claimants were not contractors, but were subcontractors, and as such had no greater right than the original contractor, we deem it unnecessary to discuss further the question of estoppel, for we do not believe the same to be properly presented in this action, wherein we hold the lien claimants do not have liens to foreclose.

The judgment is therefore reversed in so far as it attempts to attach a lien to the casing of the owners.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, BUSBY, and WELCH, JJ., concur.