CLAUDE RICKER LUMBER & PAINT CO. v. BARGER et al.

No. 31754. May 1, 1945.

Rehearing Denied June 5, 1945.

*158 P. 2d 1021.*

Ben Goff, of Chickasha, for plaintiff in error.

H. T. Tumilty, of Oklahoma City, for defendant in error Prudential Insurance Company of America.

Bailey & Hammerly, of Chickasha, for defendants in error E. D. Barger and Mae Barger.

DAVISON, J. This is an action to establish and foreclose a materialman's lien. It was instituted in the district court of Grady county on August 24, 1938, by Claude Ricker Lumber & Paint Company, Claude Ricker, owner, as plaintiff, against William H. Barger, E. D. Barger, Mae Barger, and the Prudential Insurance Company of America, a corporation, as defendants.

On March 22, 1940, the trial of the cause occurred. At the conclusion of plaintiff's evidence the trial court discharged the jury and sustained a demurrer to the evidence as to E. D. Barger, Mae Barger, and the Prudential Insurance Company of America. As to William H. Barger the plaintiff recovered a personal judgment for the sum of $335.80, but the court declined to establish or foreclose the same as a materialman's lien.

In the trial of the cause plaintiff testified in substance that on or about August 30, 1937, he made an agreement with William H. Barger whereby he was to furnish material to Mr. Barger to be used by Barger in constructing a house on his, Barger's, land, a 35-acre tract situated about four miles east of Chickasha, Okla. That pursuant to the agreement he furnished materials aggregating a sales value of $630.45, of which amount $294.65 was paid, leaving an unpaid balance of $335.80. He also testified that such material was furnished between and including August 30, 1937, and December 2, 1937.

Thereafter, and on March 11, 1938, the same being within 120 days from the furnishing of the last material, the plaintiff filed in the office of the court clerk of Grady county his verified lien statement, stating the amount due to plaintiff and the description of the property upon which a lien was claimed.

Bob Lysle testified he was a truck driver for plaintiff in 1937 and delivered lumber and other materials for Mr. Ricker. He delivered the material to Mr. Barger to be used in the construction of Mr. Barger's house and observed that it was used for that purpose. He did not remember the exact date on which the last of the material was delivered, but remembered that it was cement, shiplap and nails for frames. He testified that they were building frames for porches.

In connection with the production of the foregoing evidence plaintiff attempted to introduce in evidence his lien statement. An objection to the introduction thereof by E. D. Barger, Mae Barger, and the Prudential Insurance Company of America was sustained on the ground that it was not the best evidence. The court was correct in refusing to admit the statement in evidence for the purpose of showing the amount due plaintiff and for the further purpose of showing the date on which the last material was furnished. The statement was competent, however, for the purpose of proving the date on which plaintiff filed the statement and for the purpose of proving the form of same, and it was error for the court in refusing to admit the statement in evidence for those purposes.

The record discloses that after the lien statement was rejected as evidence because of its not being the best evidence, the plaintiff was permitted to

testify, without objection, that the amount due him for material furnished was $335.80. Plaintiff was also permitted to testify, without objection, that the last material furnished was supplied on December 2, 1937. The plaintiff's testimony on these points was definite and positive.

After the production of the foregoing testimony plaintiff rested, whereupon E. D. Barger, Mae Barger, and the Prudential Life Insurance Company demurred to the evidence offered for the asserted reason that such evidence was insufficient to sustain a verdict in favor of plaintiff against the named defendants.

The trial court sustained the demurrer as to the defendants named. Judgment was entered for the plaintiff and against the defendant William H. Barger for the sum of $335.80, but no provision was made for the foreclosure of a materialman's lien on the premises involved. The defendant William H. Barger had not contested the claim of plaintiff.

Motion for a new trial was filed and overruled and the plaintiff, Claude Ricker, presents the cause to this court on appeal, appearing before us as plaintiff in error. Since the order of appearance before the trial court is preserved in this court, our continued reference to the parties will be by their trial court designation.

An examination of the record discloses that plaintiff's lien statement, which was rejected in evidence, was filed in the office of the court clerk of Grady county on March 11, 1938, and was drafted in substantial compliance with the requirements of the statutes of this state. 42 O. S. 1941 § 142. The lien statement set forth the amount claimed, the items thereof, the name of the owner of the property, and a description of the property subject to the lien. It was verified by the affidavit of Claude Ricker, plaintiff in the action.

The record also discloses that the property involved was owned by William H. Barger in 1937, and until it was sold and conveyed to E. D. Barger on the 24th day of November, 1937. Thereafter, and on November 26, 1937, E. D. Barger and Mae Barger joined in the execution of a mortgage to the Prudential Insurance Company of America to secure a debt in the principal sum of $5,600. The mortgage was recorded on the 29th day of November, 1937.

Thus at the time this action was instituted in August of 1938 the property was owned by E. D. Barger, subject to a mortgage in favor of the Prudential Insurance Company of America for $5,600, and also subject to the purported lien in favor of the plaintiff herein for $335.80.

Under the statutes of this state any person who pursuant to a contract with the owner of property furnishes material for the erection, alteration, or repair of any building on such property may claim a lien upon the building and the property on which it is situated for the purchase price of such material. 42 O. S. 1941 § 141. Provided such person shall within 120 days from the furnishing of the last material file a lien statement in the office of the court clerk of the county in which the property is situated. 42 O. S. 1941 § 142.

One who acquires property which is subject to a materialman's lien continues to hold such property subject to the lien claimant's right to foreclose the same, provided, of course, the lien is properly perfected and preserved. Elm Oil Co. v. Clark Lumber Co., 179 Okla. 341, 65 P. 2d 1221; Farmer's Co-operative Union Gin Co. v. Rounds & Porter Lumber Co., 169 Okla. 346, 37 P. 2d 259; and Key v. Hill, 93 Okla. 64, 219 P. 308.

We are of the opinion, and hold, that the evidence introduced in the instant case was sufficient to withstand a demurrer thereto.

The cause is therefore reversed and

remanded, with directions to grant a new trial.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, and ARNOLD, JJ., concur.