**W. O. ALLEN, Plaintiff in Error,**

v.

**J. A. MORRIS, Defendant in Error.**

No. 37877.

Supreme Court of Oklahoma.

March 25, 1958.

H. C. Bleckley, Woodward, for plaintiff in error.

Sparks & Boatman, Woodward, for defendant in error.

### PER CURIAM.

The parties to this appeal occupy here the reverse of their positions in the trial court, but we shall hereinafter refer to them by their trial court designation. The plaintiff initiated this action to establish the priority of his oil and gas lease over that of defendant. Both leases are to the same premises. The lease under which defendant claims is dated July 16, 1956, and was recorded September 20, 1956. Plaintiff's lease is dated July 26, 1956, but was recorded July 28, 1956.

From the evidence in favor of plaintiff it appears that Mrs. Bleckley, a lease broker who had been asked to purchase leases for defendant, contracted Mr. and Mrs. McGriff to lease their property; that Mr. McGriff was willing to lease but intended to get the money "as soon as I leased the land"; that negotiations over a week or more culminated in the execution of the lease dated July 16, 1956, with Mrs. Bleckley as the named lessee; that Mrs. Bleckley did not pay for the lease at that time nor did the lessors execute any draft on her to be attached to the lease; that she was to have fifteen days to pay for the lease, it being understood that she intended to assign the lease to the person for whom she was purchasing leases in this area; that the lease was deposited by her in the Woodward bank together with a draft drawn by her on herself in favor of the McGriffs for the agreed price and an assignment of the lease by her to which was attached a five day sight draft drawn by her on defendant to be forwarded for acceptance by him; that the McGriffs were not paid by Mrs. Bleckley until August 1, 1956, at which time the draft of Mrs. Bleckley drawn on the defendant was paid, whereupon she deposited the agreed consideration in the account of Mr. and Mrs. McGriff; that on July 26, 1956, an agent for plaintiff contacted the McGriffs and offered to lease their property; that Mr. McGriff informed him "he had signed a lease with Mrs. Bleckley, but her time was out, and he wasn't going to give her any more time."; that the agent examined the records and found no lease recorded, whereupon he purchased plaintiff's lease from the McGriffs. Mrs. Bleckley testified that she was to have thirty days in which to pay for the McGriff lease. She also testified that if she had not paid the McGriffs, they would not have been able to enforce payment. Furthermore, it appears that she had attempted to secure from the lessors a thirty day extension of time, which they refused, and that she knew of plaintiff's lease before she deposited the money to the McGriffs' account. The trial court rendered judgment for the plaintiff. The judgment of the trial court will be sustained if it is correct on any rational theory. Ellis v. Williams, Okl., 297 P.2d 916.

In argument, defendant asserts that the undisputed evidence discloses knowledge by plaintiff's agent of the lease by McGriffs to defendant and that for

this reason plaintiff is not an innocent purchaser for value without notice. Viewing the evidence in the light most favorable to plaintiff, which, of course, we must in view of the trial court's judgment, we may concede arguendo, that plaintiff had notice of defendant's purported lease. Nevertheless, it appears that the lease from McGriffs to Mrs. Bleckley was never delivered with the necessary intent to pass title. To be effective as a conveyance the delivery of this lease must have been with the intent by the lessors to convey the title. This is a fact question upon which the acts and conduct of both parties to the instrument may be considered in reaching a conclusion. Johndrow v. Johndrow, 199 Okl. 363, 186 P.2d 325; Van Hoozer v. Best, 204 Okl. 149, 227 P.2d 1019. We pointed out in McClintick v. Ellis, 87 Okl. 75, 209 P. 403:

> "It is well settled that a deed may be deposited with the grantee, or handed to him for any purpose other than as the deed of the grantor, or as an effective instrument between the parties, without becoming at all operative as a deed."

This was the situation here. Mr. and Mrs. McGriff never intended for the oil and gas lease to be effective as a conveyance until they were paid the agreed consideration. Mrs. Bleckley did not consider the transaction to be a completed lease until the payment was made, for she unequivocally stated that the McGriffs could not collect the agreed consideration if the lease was refused by the defendant for whom she was acting. This conclusion was in accord with her understanding and common practice in leasing oil lands. So, payment within fifteen days was necessary for this instrument to convey any interest in the premises, otherwise its delivery and recordation were unauthorized and it was void as a conveyance. Blakeney v. Home Owners' Loan Corporation, 192 Okl. 158, 135 P.2d 339; Home-Stake Royalty Corporation v. McClish, 187 Okl. 352, 103 P.2d 72. The money was not paid within the fifteen day period, and Mrs.

Bleckley had been specifically denied any extension of time. Knowledge of the existence of this instrument was not notice of any rights since no one can claim any rights under it. The attempted payment by her on August 1 was not effective and was returned by the McGriffs although Mrs. Bleckley refused to accept it. Thus, it appears that defendant failed to acquire any interest in the property and the trial court's judgment must be affirmed.

Judgment affirmed.

The Court acknowledges the aid of the Supreme Court Commission in the preparation of this opinion. After a tentative opinion was written by the Commission, the cause was assigned to a Justice of this Court, and thereafter, upon report and consideration in Conference, the forgoing opinion was adopted by the Court.