METROPOLITAN WATER COMPANY,
a corporation, Plaintiff in Error,

v.

Harold H. HILD and Margaret E. Hild,
Defendants in Error.

No. 40769.

Supreme Court of Oklahoma.

May 17, 1966.

Leon C. Hirsh, James C. Harkin, Paul Johanning, Oklahoma City, for plaintiff in error.

Bailey & Whitlock, Norman, for defendants in error.

Morton Y. Loar, Berry & Berry, Oklahoma City, for amici curiae Richard P. Finley and wife.

HODGES, Justice.

This action was commenced by Metropolitan Water Company, the plaintiff, to establish and foreclose a mechanic's and materialman's lien against property owned by Harold H. Hild and Margaret E. Hild, the defendants. The defendants filed a demurrer to the amended petition of the plaintiff on the ground that it failed to state a cause of action against them. From the orders of the trial court sustaining the demurrer and overruling plaintiff's motion for a new trial, the plaintiff appeals to this court on the original record. The parties will be referred to in this opinion by their trial court designation.

The basis of the plaintiff's claim is a written contract with Harry E. Bray and the Oklahoma Finance Corporation, hereinafter referred to as the developers, which

contract was incorporated into plaintiff's amended petition by reference. The contract provides that the plaintiff will construct and install water and sewer facilities, consisting of a sanitary sewage processing plant, water wells, pumps, outfall lines, lines, connections, and meters, for a development to be known as the Cleveland Heights Addition, located in Cleveland County, Oklahoma. The contract grants the plaintiff, which is a public utility, the exclusive right to engage in the business of furnishing water and sanitary sewage service to the lots in the addition. The only provision in the contract concerning payment to the plaintiff for the cost of the construction and installation of the water and sewer facilities is provision 6(a) which states:

"DEVELOPER covenants and agrees that it will require, in contracting the sale of each residential lot in said Cleveland Heights Addition, that the purchaser shall pay to METROPOLITAN, as compensation for the installation of water service to the lot line, including meter-setting charge, the sum of $150.00, and also the sum of $350.00 for the installation of sanitary sewage facilities in right-of-way adjacent to said lot, and in relation to business lots a sum equal to $10.00 per front foot for installation of both such sewer and water facilities, the aforesaid to be payable respectively immediately upon commencement of construction upon each said lot or upon delivery of title to the purchaser whichever time is the earlier. It is understood that the foregoing payments shall be solely for the purposes above stated and shall not relieve the lot purchaser of the payment of any deposits, rates or charges for utility services as prescribed or approved by governmental authorities having jurisdiction thereof."

The plaintiff alleges in its amended petition that it constructed and installed the water and sewer systems in accordance with its contract with the developers; that eleven of the lots located in Cleveland Heights Addition were subsequently purchased by the defendants from the developers; that the procedural provisions of the statutes to perfect a mechanic's and materialman's lien have been complied with; and that there is due and payable to the plaintiff from the defendants the sum of $4,900.00 for material furnished and labor performed under the contract, and that its lien should be foreclosed upon the property to satisfy this indebtedness. There is no prayer for a personal judgment against the defendants.

The sole question presented is whether the plaintiff has stated a cause of action for a mechanic's (and materialman's) lien against the defendants. The parties in their briefs have argued two main propositions: (1) Is the contract between the plaintiff and the then owners of the land (the developers) sufficient to give rise to a mechanic's lien; and (2) Are water and sewer systems improvements upon the land of the defendant within the meaning of our mechanic's lien statute. Under the view we take of this case, we need consider only the first proposition.

■ Our lien statute, 42 O.S.1961, Section 141, provides in pertinent part as follows:

"Any person who shall, under oral or written contract with the owner of any tract or piece of land, perform labor, or furnish material for the erection, alteration or repair of any building, improvement or structure thereon * * * shall have a lien upon the whole of said tract or piece of land, the buildings and appurtenances. * * *"

This statute makes the right to a mechanic's lien dependent upon a contract with the owner and without a contract no such lien can be created. Berry v. Barbour, Okl., 279 P.2d 335; Birmingham v. Houston-McCune Lumber Co., 171 Okl. 88, 41 P.2d 856; Wm. Cameron & Co. v. Beach, 44 Okl. 663, 146 P. 29.

■ While the plaintiff makes no allegation of any contract with the defendants,

the acquisition of the property by the defendants from the developers was subject to any mechanic's lien existing thereon. Elm Oil Co. v. Clark Lumber Co., 179 Okl. 341, 65 P.2d 1221; Claude Ricker Lumber & Paint Co. v. Barger, 195 Okl. 504, 158 P.2d 1021. We must therefore determine if the plaintiff possessed a mechanic's lien upon this property by virtue of its contract with the developers at the time the property was purchased by the defendants.

■ A mechanic's lien secures the payment of a debt and if there is no debt created by the contract to which the lien can attach there can be no lien. The rule is expressed in Phillips, Mechanics' Liens, Section 112 (2d ed.), as follows:

"The creation of the lien, though arising by virtue of express legislative enactment, is essentially dependent upon the existence of contract, express or implied, *and the obligation of debt* arising out of the performance of its stipulations by the mechanic. * * * As the lien security is an incident that follows the legal liability to pay, *whenever that obligation does not arise,* or ceases, *this security docs not exist.* * * *" (Emphasis supplied).

And see to the same effect: Mann v. Schnarr, 228 Ind. 654, 95 N.E.2d 138; Cole v. Clark, 85 Me. 336, 27 A. 186, 21 L.R.A. 714; Bangor Roofing & Sheet Metal Co. v. Robbins Plumb. Co., 151 Me. 145, 116 A.2d 664; Choteau v. Thompson, 2 Ohio St. 114; Rockel, Mechanics' Liens, Section 241; 2 Jones, Liens, Section 1235 (3d ed.).

■ This court has held in several cases involving the right to an oil and gas well lien that subcontractors, being entitled to a lien to the same extent as the original contractor, have no lien where there is no liability to the original contractor under the terms of the contract. Haggard v. Sunray Oil Co., 176 Okl. 81, 54 P.2d 662; Josey Oil Co. v. Ledden, 162 Okl. 262, 20 P.2d 582; Cameron Refining Co. v. Jerman, 110 Okl. 272, 238 P. 437; Christy v. Union Oil & Gas Co., 28 Okl. 324, 114 P. 740.

■ Any doubt that the same rule applied to mechanics' liens should have been dispelled by the decision of this court in Consolidated Cut Stone Co. v. Seidenbach, 181 Okl. 578, 75 P.2d 442. In that case it was held, among other things, that a subcontractor's recovery upon a mechanic's lien was limited to the price stipulated in the contract between the owner and the original contractor reduced by actual damages caused by the contractor which were within the contemplation of the parties when the contract was made. In reaching its conclusion the court stated:

" * * * Whether the owner is obligated to the contractor to no extent whatever by reason of breaches of the contract or failure to perform, as was true in several of the cases decided by this court, or whether there is limited liability by reason of contractual provisions, the principle is the same. *In every case there must be liability to the original contractor.* The oil and gas well lien cases are not based on failure to perform, but on absence of indebtedness. What is the owner obligated to pay under his contract? Always that is the primary and controlling question." (Emphasis supplied).

Perusal of the contract involved in the instant case discloses that the developers did not agree to pay the plaintiff for the installation of the water and sewer facilities. On the contrary, the contractual provision concerning payment for these facilities, set out above, provides that the sole obligation undertaken by the developers was to include a provision in each contract of sale of the lots requiring each purchaser to pay a stipulated amount to the plaintiff. By this provision, the plaintiff has agreed that it will expect payment only in the event that the lots are sold and that it will look only to the purchaser of the lots for this payment. As no indebtedness was created by the contract, there could be no mechanic's lien.

According to the amended petition, the developers did not carry out their agree-

ment with the plaintiff and failed to include the provision for the stipulated payment to the plaintiff for the installation of water and sewer facilities in the contract of sale entered into with the defendants. We therefore express no opinion as to whether such an agreement by the defendants with the developers to pay the plaintiff for these facilities would have been an indebtedness upon the property to which a mechanic's lien could attach in favor of the plaintiff for the work previously performed by the plaintiff under its contract with the developers. We also note that there is no assertion by the plaintiff that the defendants have been unjustly enriched in the purchase of these lots. The amended petition does not allege that the defendants did not pay a fair price for the property including the cost of water and sewer facilities, or that the defendants were informed, prior to purchasing the lots, that the plaintiff claimed the right to separate payment for these facilities.

The remaining question is whether the plaintiff acquired a mechanic's lien upon the property to secure its claim resulting from the alleged failure of the developers to include a provision in the contract of sale with the defendants requiring the defendants to pay for the water and sewer facilities. Application of our mechanic's lien statute, supra, is limited, by its terms, to indebtedness incurred for labor performed and materials furnished for the purposes mentioned in the statute. In addition, as seen above, this indebtedness must be created by the terms of the contract between the parties. The plaintiff's claim against the developers for failure to perform their contract is not a contractually created debt and it is not for labor or material. We therefore hold that such a claim for damages for breach of contract is not entitled to the protection of a mechanic's lien. Brown v. Rodocker, 65 Iowa 55, 21 N.W. 160; Schenectady Homes Corp. v. Greenside Painting Corp., Co.Ct., 37 N.Y.S. 2d 53; Pardue v. Missouri Pac. R. Co., 52 Neb. 201, 71 N.W. 1022; Halowich v. Amminiti, 190 Pa.Super. 314, 154 A.2d 406; 2 Jones, Liens, Section 1358 (3d ed.).

As there is no contractual provision creating any indebtedness to which a mechanic's lien could attach, the defendants acquired the property free from the alleged mechanic's lien and the trial court correctly sustained the defendants demurrer to the amended petition of the plaintiff. Judgment affirmed.

HALLEY, C. J., and BLACKBIRD and IRWIN, JJ., concur.

DAVISON, WILLIAMS and BERRY, JJ., concur specially.

JACKSON, V. C. J., dissents.

WILLIAMS, Justice (concurring specially):

Assuming for the purpose of discussion that there was no indebtedness created against the developers in favor of the plaintiff-contractor, Metropolitan, it may be that there was no indebtedness due plaintiff by defendants. However, the matter from Phillips, Mechanics' Liens, quoted in the majority opinion leaves room for the implication of a contract. And our statute, 15 O.S.1961, § 133, provides that an implied contract is one, the existence and terms of which are manifested by conduct.

Further, ordinarily one should not be permitted to unjustly enrich himself at the expense of another. A voluntary acceptance of the benefit of a transaction is equivalent to a consent to all the obligations arising from it so far as the facts are known, or ought to be known, to the person accepting. 15 O.S.1961, § 75.

I am inclined to agree that, as said by the Court in this case, the situation before us here is one of a breach of contract rather than one of the creation of an indebtedness.

I do not agree with the specially concurring opinion that provision in the contract against the filing of any liens prevents the filing of such by the contractor itself. See 15 O.S.1961, §§ 106–175, 427. In Phillips,

Mechanics' Liens (2nd Edition) §. 117 it is said:

> "So where a contractor stipulated that no other person or subcontractor should file a lien, it nevertheless did not prevent the contractor from filing a lien to secure himself." Young v. Lyman, 9 Penn. 449.

This would be especially true here, I believe, if there were no question but that Metropolitan and the developers had created an indebtedness by their contract and it should be determined that the lien statute did apply.

In Phillips, Mechanics' Liens (2nd Edition), supra, § 12, it is stated:

> "The lien is intended to affect only real estate, and not personal property. It attaches to *the* land, in consequence of the incorporation of labor and materials in the building erected, which have become part of *the* land *itself*." (Emphasis supplied).

Our lien statute herein concerned, 42 O.S.1961, § 141, refers to improvements and structures etc. placed upon *the* land and *such* land.

I make point that there is a question with me whether the lien provided for by our statute would apply in favor of one laying water lines and sewer lines to a property line and not upon it, as against *that* property.

In Phillips, Mechanics' Liens, (2nd Edition) supra, § 9, it is said:

> "The lien of the mechanic, here treated of, is a remedy in the nature of a charge on land, given by statute to the persons named therein, to secure a priority or preference of payment for the performance of labor or supply of materials to buildings or other improvements, to be enforced against the particular property in which they become incorporated, in the manner and under the limitations therein expressly provided. It is exclu-

> sively the creature of statute, deriving its existence only from positive enactment. There can be no lien independent of statute. It does not arise out of, nor is it of the essence of, the contract for labor, nor dependent on the motives which suggest its being enforced. It is a mere incidental accompaniment as a means of enforcing payment,—a remedy given by law, which secures the preference provided for, but which does not exist, however equitable the claim may be, unless the party brings himself within the provisions of the statute, and shows a substantial compliance with all its essential requirements * * "

In the case of Eastmore v. Bunkley et al., 113 Ga. 637, 39 S.E. 105, Eastmore sued New Cumberland Island Co. to foreclose a contractor's lien for a sum alleged to be due for constructing and repairing a certain dam and dock or pier on Cumberland Island. The executors of the estate of Bunkley were permitted to intervene and become parties defendant to assert a mortgage. They contended plaintiff had not showed it expended anything on the particular property involved in suit. The Court there said:

> "It appears from the record that the plaintiff in error brought action in the lower court to foreclose a mechanic's lien for building a dam and dock or pier. He claimed a lien upon real estate, with which no connection whatever is shown by the testimony with this property, nor was there any evidence to show that the property upon which he claimed his lien belonged to the defendant company. It is not necessary to decide the question whether or not the construction of improvements on given realty will, in any event, entitle a contractor to a lien on other property of the same owner which may be benefited or enhanced in value by reason of such improvements, for, conceding that such is the case, it is certainly essential that the contractor, in order to maintain his suit for the foreclosure of his lien on the separate realty so benefited, shall clearly identify it by the evidence. Such, as has been seen, was not

done by the plaintiff in error in this case."

The Court affirmed the judgment of the lower court.

I concur specially.

BERRY, Justice (specially concurring):

For reasons herein stated I specially concur.

It is elementary that the primary object of our lien law is to insure to laborers and materialmen the payment of their accounts, and at the same time protect an owner against filing of liens against his property by such parties for services and material furnished by the original contractor.

In the case involved the petition alleged the execution of the written contract between plaintiff and the Developer. The lien claim asserted was under two causes of action, relating to different lots, separately described by plat number. Both purported causes of action were based upon the lien claimed to attach by statute (42 O.S. 1961, § 141), by reason of labor and material furnished by plaintiff in accordance with the terms of a written contract with the Developer. The contract was recorded as a public record and incorporated by reference in the petition. This contract, in addition to other provisions defining the parties duties and obligations, contained the following provision:

"(e) Metropolitan shall furnish all material, equipment and labor necessary to the construction and installation of said systems as aforesaid, and in so doing shall be an independent contractor solely. It shall not be an agent or servant of the developer in any respect relating to the foregoing. Metropolitan, as an independent contractor as aforesaid, shall be wholly and fully liable for all loss or damage whatsoever sustained by any person by reason of the performance of this section of this contract, and shall fully indemnify the developer, in respect thereto. It shall carry and maintain all workmen's compensation and other insurance required by law in relation hereto. Metropolitan shall not suffer or permit the accrual of any lien or other liability whatsoever upon or against the developer or any property of the developer, or upon or against any person or persons holding through or under the developer, or their property, by reason of or relating to said construction and installations."

The theory of plaintiff's action, and the position relied upon in this appeal, was that construction of a water system and lines, and a sewage system, constituted furnishing labor and materials upon property within the meaning of 42 O.S.1961, § 141; that same were furnished under written contract with the owners of the property, and since plaintiff complied with the requisites required for perfecting a lien under such statute, the trial court erred as a matter of law in sustaining defendants' demurrer and dismissing the action.

The demurrer to each count of the amended petition was upon the ground of failure to state a cause of action. This was a general demurrer. Against such a demurrer allegations of a petition are to be construed liberally in favor of the pleader, and the petition is not vulnerable to demurrer if there are any facts entitling the pleader to relief. Fowler v. Francis, Okl., 362 P.2d 107; Alma Inv. Corp. v. Wilson, Okl., 385 P.2d 501.

The general rule declared by most jurisdictions which have considered the problem is that an explicit and unambiguous provision against mechanics' and materialmen's liens in a contract between the contractor and owner of property, precludes the contractor from asserting a lien. And, such rule controls even though the property owner breaches the contract. In Hammond Hotel & Improvement Co. v. Williams, (Ind.) 95 Ind.App. 506, 176 N.E. 154, 178 N.E. 177, that court said:

"The law gives a lien when there is a failure to pay, and if the contractor waives his lien, then it must follow that it is waived in the event there is a failure on the part of the owner to make the payment."

In Jankoviak v. Butcher et al., 22 Ill.App. 2d 126, 159 N.E.2d 377, 76 A.L.R.2d 1081, that court stated the Illinois rule was the rule generally followed, as supported by 57 C.J.S. Mechanics' Liens § 224, 36 Am.Jur., Mechanics' Liens §§ 230, 231. Recognition and application of the rule as to written waiver of a lien by numerous courts may be reviewed in annotations in: 12 A.L.R. 1065; 102 A.L.R. 356; 76 A.L.R.2d 1081.

The plain language of the above quoted contract provision adequately and forcefully discloses that plaintiff effectively bound itself not to assert any lien against the Developer, or any person holding under the Developer. In this connection plaintiff states that the elements necessary to work an "estoppel" to assert a mechanics' and materialman's lien are set forth in Mager Mtg. Co. v. Ferguson, 208 Okl. 304, 255 P.2d 938. Plaintiff then argues that none of the enumerated elements of estoppel appeared in the petition and, even assuming this purely defensive element was an issue by reason of failure of the petition to negate same, the elements of estoppel still are wanting.

"Waiver" is defined as the intentional relinquishment of a known right, which rests upon an equitable principle recognized by courts of law. Atlas Life Ins. Co. v. Schrimsher, 179 Okl. 643, 66 P.2d 944. Waiver may be considered in the nature of an equitable estoppel, although there are essential differences between the two terms: (1) in an estoppel the intention to relinquish a right need not be present; (2) a choice between relinquishment or enforcement of a right is essential to waiver; (3) waiver never carries an implication of fraud. See generally 56 Am.Jur., Waiver § 3; 54 A. L.R. 1336; 65 A.L.R. 283.

Where the existence or fact of waiver appears in an adverse party's pleading, it is unnecessary for the party relying thereon to plead the issue specially, as it may be raised by demurrer. State, ex rel. Green v. Condren, 178 Okl. 236, 62 P.2d 635; 120 A.L.R. 84.

The petition wherein plaintiff alleged establishment of this lien was based upon a written contract. The specific terms of such contract waived plaintiff's right to assert any lien. The right to claim a lien is a privilege granted by statute and the party to whom such right is extended unquestionably may waive the privilege. Obviously the plaintiff, under the terms of the contract waived any right to assert a lien for the costs of improvements completed thereunder.

Plaintiff argues that the rule in the early case of Kansas City Southern Ry. Co. v. Wallace, 38 Okl. 233, 132 P. 908, 46 L.R.A., N.S., 112, should control as respects the question of waiver. In this case we are not required to consider whether the rights of laborers or materialmen are derivative or dependent upon the contractor's agreement. No rights of subcontractors. or materialmen, intervened in this case. The only rights claimed to have accrued, or sought to be asserted, arose under the written contract. I consider this fact an important and distinguishing feature, which precludes application of the rule in Wallace, supra, to the effect that the contractor could not waive the lien accorded subcontractors by statute.

The record does not disclose any reason assigned for the trial court's order and judgment sustaining the demurrer and dismissing plaintiff's action. However, where a judgment is correct upon any rational theory the reason therefore is not controlling and the judgment should be affirmed. Allen v. Morris, Okl., 323 P.2d 736. It is my opinion that the judgment should be affirmed, but upon the sole basis that by written contract the plaintiff waived any right to assert a lien against the Developer, or against the person or property of anyone holding under the Developer.

I am authorized to state that DAVISON, J., concurs in the views expressed herein.